In the Matter of Annexation of Certain Lands to the Boundaries of PUBLIC WATER SUPPLY DISTRICT NO. 7 OF JEFFERSON COUNTY, Missouri, Plaintiff-Respondent,

v.

CITY OF PEVELY, a Municipal Corporation, Defendant-Appellant.

No. 33096.

St. Louis Court of Appeals.

Missouri.

Jan. 21, 1969.

Thurman, Nixon, Smith & Howald, James E. Bowles, Hillsboro, for defendant-appellant.

Gregory D. O'Shea, St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

The principal issues involved in this appeal are whether § 247.040(8), RSMo 1959, V.A.M.S., forbids an appeal from the decision of the trial court rendered upon a petition to extend or enlarge the boundaries of an existing water district and, if it does not, whether the trial court was in error in sustaining Public Water Supply District No. 7's motion to dismiss the exceptions to the annexation petition filed by the City of Pevely. The contention the statute forbids an appeal forms the basis for the motion to dismiss the appeal filed by Public Water Supply District No. 7 and taken with the case upon submission to this court. A secondary issue is whether the trial court had jurisdiction to rule upon the motion to dismiss, a motion to disqualify the trial judge on the grounds of bias and prejudice having been filed. We will refer to the City of Pevely as "the City" and to Public Water Supply District No. 7 as "the District". The proceedings involved will sometimes be referred to as "for annexation."

There is a preliminary matter which we need dispose of before proceeding. Included at Pages 54 through 70 of the transcript filed in this appeal are the pleadings, minutes and other matters pertinent to a completely different proceeding than that here involved; i. e., an application for a writ of prohibition filed by the City and dismissed by the Supreme Court of this

State. The District filed a motion to strike this portion of the transcript and was sustained by the trial court. The transcript is approved by counsel for the City and for the District "* * * subject to the ruling of the Trial Court striking pages 54 through 70 as shown by motion and stipulation attached hereto." The stipulation referred to recites the motion to strike these pages of the transcript and the trial court's sustention of that motion. It is then stipulated this transcript is filed for the purposes of allowing the City to have this court rule on the validity of the trial court's action sustaining the motion to strike.

■ There are several reasons the City desires to have the material contained in this portion of the transcript considered. We need not go into those reasons in detail. It is sufficient to state the City contends that these pages contain matters of which the trial court should take judicial notice. Be that as it may, it has been repeatedly held in this State that the facts of which a trial court does take judicial notice must be offered in evidence so as to become a part of the record in the case. Randall v. St. Albans Farms, Inc., Mo., 345 S.W.2d 220, l. c. [3, 4] p. 223, and cases there cited. There is no contention in this case that the matters contained within the pages of the transcript covered by the trial court's ruling on the motion to strike were ever presented to the trial court in this appeal. Accordingly, they are not properly part of this transcript and the trial court correctly ruled upon the motion to strike them from the transcript. Civil Rules 82.-12, 82.14, V.A.M.R.; Randall v. St. Albans Farms, Inc., supra. We will not consider the material contained within the stricken pages of the transcript in disposing of the issues presented by this appeal.

In 1966 the Pevely Water Company was serving customers within the city and outside the incorporated area. The ratio of customers was about two-thirds outside the city and one-third within its boundaries. The company was in financial difficulties and in October of that year the "ownership and control" of the Pevely Water Company was transferred and "turned over" to the District. The company evidently continued to exist as the witness Henkle testified he was president of the board of that company and that the board consisted of three members of the company's board and "the members of the board" of the 7th Water District. This board was operating the Pevely Water Company at the time the annexation petition was heard.

That petition was filed in July of 1967. As will later appear herein § 247.040(8), V.A.M.S., requires the petition to be filed by the District's Board and "five or more owners of real estate situated within the territory proposed to be annexed to the district." Following the signatures to the petition, the petition contained this statement: "We, the undersigned *residents and owning real estate* of Pevely, Missouri and vicinity do hereby petition the board of directors of Jefferson County Public Water Supply District No. Seven (7) to take action towards annexation of *Pevely and vicinity*: * * *." (Emphasis supplied.) This was followed by thirteen names some of which had street addresses after them as well as numbers which appear to be telephone exchange numbers. On August 2 of that year the City filed exceptions to the annexation which read in toto: "Comes now the City of Pevely and files exceptions to the annexation of Public Water Supply District No. 7 of any and all property contained in or adjacent to the City of Pevely." On the 7th of that same month the City filed a "Motion for Disqualification of Judge" alleging the District "* * * has an undue influence over the mind of said judge * * * ", knowledge of which had come to the City's counsel on that same day.

On the 19th the District filed a Motion to Dismiss the City's exceptions to the annexation petition based upon the contention the City's exceptions did not "* * * identify, state or specify the legal interest of the proported exceptors and their rela-

tionship to any property within the proposed area of annexation and do not state grounds upon which said exceptions are being made and are thus and thereby contrary to the specific language of 247.-040(4), Revised Statutes, State of Missouri." On August 21, 1967, the trial court took up the District's motion to dismiss the City's exceptions. The transcript discloses the following order was then made: "Comes on now for hearing Public Water District's Motion to Dismiss the exception of the City of Pevely; Public Water District #7 appears by Gregory O'Shea and City of Pevely by James Bowles; Motion argued and by order of the Court Sustained; Comes on also for hearing Motion of City of Pevely to disqualify judge and said Motion is by order of the Court overruled. IT IS SO ORDERED /s/ Philip G. Hess, Judge."

The trial court then proceeded to hear the petition of the District for extension or enlargement. Having been excluded by the trial court's ruling on the District's motion to dismiss, the City did not present any evidence and the trial court entered its order for annexation and ordered an election to be held within the boundaries of the District as it then existed as well as within the area sought to be annexed.

The City filed its timely motion to set aside this judgment and the order for the holding of the election. The trial court heard argument on this motion and overruled it whereupon the City appealed to the Supreme Court of this State. That court transferred the case to us upon its own motion for reason of lack of appellate jurisdiction.

■ The primary rule in the construction of a statute requires us to ascertain the lawmakers' intention from the words used, if possible, and to give the legislature's language its plain and rational meaning to promote the object and manifest purpose of the statute. Terms used in the statutes must be given their usual and ordinary meaning unless to do so would defeat the manifest intention of the act. Mo.Digest, Statutes ⬥184, 188.

Paragraphs 1 through 7 of § 247.040, supra, deal with the incorporation of a water supply district. In Paragraph 7 it is provided that if the proposition submitted at the election called for such purpose receives a majority of two-thirds of the qualified electors voting " * * * then the court shall, in such order declaring the result of the election, enter a further order declaring the decree of incorporation to be final and conclusive. * * * No appeal shall lie from any such decree of incorporation nor from any of the aforesaid orders. * * * "

Paragraph 8 deals with the extension or enlargement of the boundaries of any water supply district formed under the provisions of § 247.040, supra. It is therein provided the boundaries may be extended or enlarged upon filing a petition with the clerk of the circuit court having jurisdiction by the Board of Directors of the district and five or more owners of real estate situated within the territory proposed to be annexed to the district. Paragraph 8 then reads as follows: " * * * Thereupon the same proceedings shall be had as are herein provided in the case of the filing of a petition for the organization of the district. And upon the entry of a final order declaring the court's decree of annexation to be final and conclusive the court shall modify or rearrange the boundary lines of the subdistricts as may be necessary or advisable."

Section 247.040, supra, began its existence as § 4 of Senate Bill No. 2 approved by the Missouri Legislature on March 27, 1935, as a portion of a comprehensive act providing for the incorporation, organization and management of public water supply districts in counties of more than 25,-000 inhabitants. While none of the sections were divided into subparagraphs in the original act, or indeed until the statutory revision of 1949, the language is identical to and in the chronological order as it

now appears in Paragraph 8 of § 247.040, supra.

Section 512.020, RSMo 1959, V.A. M.S., provides: "Any party to a suit aggrieved by any judgment of any trial court in any civil cause *from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings,* may take his appeal * * *." (Emphasis supplied.) There is no contention this appeal is in any way prohibited by any provision of the constitution. It is the District's contention the right of appeal has been limited by statutory enactment. As basis therefor it urges the provisions of Paragraph 8 set out earlier herein requiring the "same proceedings" to be had in the case of an annexation as are followed in the case of an organizational proceeding, and referring to the court's decree of annexation as "final and conclusive" has the effect of incorporating in Paragraph 8 the express provision prohibiting an appeal contained in Paragraph 7 of § 247.040, supra. We cannot agree the language of Paragraph 8 should be construed as limiting or prohibiting an appeal in matters involving the annexation to or enlargement of a water supply district.

In construing this statute we are required to grant to the legislature knowledge of § 512.020, supra, which in the 1929 revised statutes was § 1018. Doubtless the legislature had the provisions of that section in mind when it inserted the sentence prohibiting an appeal from any of the orders leading up to and from the decree of incorporation. It did not desire an appeal to be taken from such matters and inserted this sentence in Paragraph 7 to comply with the provisions of § 512.020, supra. To adapt the District's contention would require us to hold that even though the legislature was cognizant of the provisions of § 512.020, supra, when enacting the language in Paragraph 7, it was not cognizant of that same section when inserting the language found in Paragraph 8. This we cannot do. If the legislature had desired

to prohibit an appeal in matters of annexation to a water supply district it would have inserted the same or similar language when dealing with that matter as it did when dealing with the incorporation of the District and so comply with § 512.020, supra. Having spoken so plainly and unequivocally upon the subject once in this section there is no reason to suppose, had that been its intention, the legislature would not have done so again when only a few lines later it dealt with annexations.

Neither do we find any merit in the District's contention the language used in Paragraph 8 shows the legislature either did or intended to prohibit appeals in matters relating to the extension or enlargement of the boundaries of a water supply district. That sentence in Paragraph 8 providing the "same proceedings shall be had as are herein provided in the case of the filing of a petition for the organization of the district" clearly refers to the procedural matters attendant upon the filing of a petition to extend or enlarge the boundaries of a district. Even if we were to hold that such language has reference to the sentence in Paragraph 7 prohibiting an appeal, the most it would do is to prohibit the same appeals as are forbidden in Paragraph 7; i. e., those from any "aforesaid orders" (preliminary in nature and leading to the final decree of incorporation) and from the decree of incorporation itself. The matter from which an appeal is now sought does not fall within either of these categories.

Nor are we impressed by the use of the phrase "final and conclusive" in Paragraph 8 as indicative of legislative intent to forbid an appeal. To the contrary, appeals are to be taken from "final" judgments only. Moreover, Webster's Third New International Dictionary, in defining the word "final", points out the word is not usually used as precluding an appeal.

We therefore hold that an appeal will lie from a determination of the trial court regarding the extension or enlarge-

ment of the boundaries of a water supply district in a proceeding brought in compliance with § 247.040(8), supra. It follows the District's motion to dismiss this appeal must be denied.

However, this determination does not require reversal of this judgment but logically leads to an inquiry as to whether the trial court erred in sustaining the District's motion to dismiss the exceptions filed by the City. Section 247.040(4), supra, states: "Exceptions to the formation of a district * * * may be made by any person or corporation owning real estate or other property within the boundaries of the proposed district; * * *. Such exceptions shall specify the grounds upon which the exceptions are being made." While this paragraph specifically refers to "Exceptions to the *formation* of a district", such procedures are incorporated into those relating to the enlargement or extension of a district by the provisions of § 247.040(8), supra, requiring the same proceedings in matters brought under that paragraph as occur in the case of an organization of a district. (Emphasis supplied.)

In its brief the District contends the exceptions filed by the City should have been dismissed because they did not show the legal interest the City had in the proceedings. The District also contends the exceptions filed are subject to dismissal for the reason they fail to specify the grounds for the exceptions. With reference to the first contention, one of the purposes the City sought to accomplish by the inclusion of the extraneous matter in the transcript was to show that the boundaries of the proposed district as enlarged would in fact take in the City of Pevely. As we have heretofore held, that material cannot be considered in the disposition of this appeal but the petition itself shows the annexation was to include Pevely from the statement set out earlier where the thirteen signers urged the board of directors of the District "to take action towards annexation of *Pevely* and vicinity." (Emphasis supplied.) The fact the area of the City was

to come within the boundaries of the District if the annexation was approved was certainly sufficient to show the City had a legal interest in the annexation. The exact nature of that legal interest, whether it arose from the City's ownership of land or from its own corporate existence, could properly have been made the subject of a motion to make more definite and certain. That is not the issue here. Given the fact stated in its own petition the City was within the area the District proposed to annex, the City had a legal interest in the proceedings, and the District's motion to dismiss cannot be upheld on that contention.

With reference to the District's contention the City's exceptions were properly dismissed as they failed to specify the grounds upon which the exception was being made, the City urges, to quote from its brief, "The Mathison case, supra, gives the City grounds as a matter of law" and therefore no more need be stated than was contained in its filed exception. This argument proceeds in the following fashion. The purpose the legislature sought to accomplish by passage of Chapter 247 was to provide water where it is otherwise unavailable. Section 247.010, RSMo 1959, V. A.M.S., so states, and Mathison v. Public Water Supply Dist. No. 2 of Jackson County, Mo., 401 S.W.2d 424, so holds. The District's argument proceeds upon the basis the Mathison case holds a water district organized under this chapter of our statutes (again quoting from the City's brief) "could not annex a city having a water system within its boundaries." Here is where the City's argument fails for there is nothing in its exceptions to show the City had a water system within its boundaries. Indeed, if we jump slightly ahead of the point in time when the trial court sustained the motion to dismiss, the evidence later introduced was to the contrary. The Pevely Water Company was evidently still a legal entity but that company in fact was inoperative and its own-

**114**

ership and control had been "turned over" to the District in October of 1966. The petition in this proceeding was filed in July of 1967 and the exception filed in August of that same year. Neither the Mathison case nor any other we are aware of holds a district cannot annex a city which does not have a water system. If the contention of the City was that it had a water supply system operating within its boundaries and thus to permit its annexation would be contra to the intention and purpose of Chapter 247, it should have so stated in its exceptions. There was no duty upon the District to allege the area it sought to annex did not have a water supply system. That burden was on the City as a matter of exception or defense to the District's petition. In any event, the City's exception was silent as to this or any other ground it might have had for opposing the annexation and cannot be held in compliance with § 247.040, supra. In addition, the evidence was the City did not have a water supply system. We hold the trial court did not err in sustaining the District's motion to dismiss.

 The only matter remaining is the contention the trial court erred in acting upon the motion to dismiss, the City having filed a motion to disqualify the trial judge. There is no merit to this contention. The right to a disqualification of a judge on the ground he is biased and prejudiced is a statutory privilege and strict compliance with the statute and rules of court is essential to the application being held sufficient. Land Clearance for Redevelopment Authority of City of St. Louis v. Zitko, Mo., 386 S.W.2d 69. There being no affidavit attached to this motion although one was required by § 508.130, RSMo 1959, V.A.M.S., and by Civil Rule 51.06, V.A.M.R., the motion for disqualification was wholly ineffective. See Mo. Digest, Venue, ☜49(1). Accordingly, the trial court was under no duty to act in accordance with the motion to disqualify and the filing of the motion in that form did not prevent the trial court from acting upon the District's motion to dismiss the City's exceptions.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The judgment is affirmed. The motion to dismiss the appeal is denied.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.