**Lee Vernon WARREN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57852.

Supreme Court of Missouri, Division One.

Oct. 8, 1973.

Motion for Rehearing or to Transfer to Court en Banc Denied Nov. 12, 1973.

Kappel, Neill, Staed & Wolff, Robert E. Staed, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Rule 27.26, V.A.M.R., to set aside conviction and sentence of life imprisonment, entered on plea of guilty to charge of murder in the first degree.

On July 9, 1968, the jury trial of Lee Vernon Warren on a charge of murder in the first degree was terminated at the request of the defendant in its second day and the defendant entered a plea of guilty to the charge and was sentenced to life imprisonment. He is now attacking such sentence. A prior attack was rejected. State v. Warren, 451 S.W.2d 30 (Mo. 1970). A second motion under Rule 27.26 was dismissed on the grounds that it was a second motion, seeking similar relief to

that previously denied. This court reversed and remanded with directions to consider the second motion in the light of subparagraph (d) of Rule 27.26. Warren v. State, 473 S.W.2d 427 (Mo.1971).

Upon remand, the court held a hearing on the second motion at which movant testified. The court denied relief and this appeal followed.

## I

### DISQUALIFICATION OF JUDGE

Appellant contends that the judgment should be reversed because the trial judge erred in overruling his motion to disqualify the judge.

When the case came on for hearing, defense counsel orally moved the court for permission to withdraw the previously entered plea of guilty, which was denied. Defense counsel then requested a delay to permit filing of an affidavit for change of venue. The trial court permitted appellant to be sworn and state his reason for wishing to disqualify the judge. After hearing the statement of appellant the trial court denied appellant's request.

■ On this appeal, the contention is made that appellant was entitled unconditionally to one disqualification of judge under Rule 30.12. That rule deals with disqualification of judges in criminal cases. A proceeding under Rule 27.26 is a civil proceeding, governed by the rules of civil procedure insofar as they are applicable. Rule 27.26(a). Rule 51.06 as it stood prior to the 1973 amendment was therefore applicable. Demonstrably, there was no compliance with the time requirements of that rule and no written motion, supported by affidavit, as required by that rule. Therefore, the trial court cannot be held to have erred. Kelch v. Kelch, 462 S.W.2d 161, 163[1] (Mo.App.1970); Public Water Supply District No. 7 v. City of Pevely, 437 S.W.2d 108, 114[10–12] (Mo.App.1969); Erhart v. Todd, 325 S.W.2d 750 (Mo. 1959).

## II

### FINDINGS

Appellant attacks the trial court's judgment on the grounds that it failed to include findings of fact on the claim of "Illegal search-void."

■ The motion of the appellant asserted numerous grounds for relief including illegal search. The trial court's findings enumerated the grounds and concluded: "[T]here is no substantive (sic) evidence which shows any of the above allegations influenced the Movant to plead guilty or that they were significant factors in his decision to plead guilty." That conclusion is in no manner attacked. However, in stating the appellant's claims, the trial court evidently overlooked the illegal search ground. It is, in any event, clear that the trial court reached the same conclusion with respect to that issue. The movant did testify that following his arrest, the police, at approximately 4:00 A. M., took him to his room, where they "confiscated" a TV set, radio, some bloody clothes and other items. In the course of testimony pertaining to whether or not a motion to suppress was filed, the court stated:

"You know, I permitted this to go on, but all of this is just, doesn't mean a thing, because the man pled guilty. I mean what difference does it make whether the TV set was introduced in evidence or not. After the Jury was discharged, the man pled guilty, and the trial of the case had nothing to do with his plea of guilty." This remark shows clearly that the court considered the search and seizure grounds as in the same category as the other grounds urged. There was no evidence that the use of the articles taken from movant's room in any manner influenced his decision to plead guilty. Although specific reference in the findings to the issue would have been preferable, this court will not again reverse and remand this case for the trial court's failure to do so, inasmuch

as the ruling on the issue is clear. See Rew v. State, 472 S.W.2d 611, 613[1] (Mo.1971).

■ By his reply brief, movant has also attacked the trial court's failure to make a finding on his claim of double jeopardy. The only evidence on this issue was by movant, as follows:

"Murder first, arson, there are two different crimes, this is true, but arson, I think they allege in, the indictment read that there was a person in the house. Now, who is the person. If it was George Bannister [the murder victim]—this is what you are saying—burning him up, and he didn't die from fire."

This testimony was insufficient to support any claim of double jeopardy.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.

## ON MOTION FOR REHEARING OR TO TRANSFER TO COURT EN BANC

PER CURIAM:

■ By his motion for rehearing, the appellant complains that the court's opinion overlooked his contention that the trial court's findings, as a whole, were inadequate. Appellant did couple such a point with his contention that the trial court made no finding on his claim of illegal search.

The trial court's findings are not in model form. However, they are sufficient to permit this court to determine whether or not they are clearly erroneous.

Motion for rehearing or in alternative to transfer to Court en Banc overruled.