**D. L. HOPKINS, Plaintiff-Appellant,**

v.

**Robert W. PHILLIPS and Delores G. Phillips, Defendants-Respondents.**

No. 10277.

Missouri Court of Appeals, Springfield District.

June 21, 1978.

Larry G. Luna, Gainesville, for plaintiff-appellant.

Richard D. Moore, Moore & Brill, West Plains, Richard T. Martin, Gainesville, for defendants-respondents.

Before STONE, P. J., and TITUS and FLANIGAN, JJ.

FLANIGAN, Judge.

On Thursday, December 4, 1975, this non-jury action was tried in the Circuit Court of Ozark County. The cause was taken under advisement and eight days later the court entered judgment in the amount of $770,-103.20 in favor of defendants Robert W. Phillips and Delores G. Phillips on their counterclaim against plaintiff D. L. Hopkins. The latter was denied relief on his petition. Plaintiff appeals.

Plaintiff's sole "point relied on" is, in essence, that the trial court abused its discretion in denying plaintiff's application for continuance. The application was filed on December 3, 1975.

On June 6, 1969, the defendants, as sellers, and the plaintiff, as buyer, entered into a contract for the purchase of several tracts of real estate. The contract provided that plaintiff assumed and agreed to pay five interest-bearing notes previously made by

defendants in favor of third persons.[1] The total indebtedness represented by the unpaid balance of those notes is unclear from the contract but the total of their original amounts was $616,925. Also as part of the purchase price defendants received plaintiff's note in the amount of $220,000. Except for a comparatively minor item the trial court's judgment represented the amounts due on the notes at time of trial.

Plaintiff's reply to the counterclaim did not plead payment of any of the notes. At the trial itself defendants introduced, without objection, plaintiff's admissions, one of which conceded nonpayment.

This action was filed on November 21, 1969. Except for a limited amount of discovery, it was dormant until August 26, 1975, when defendants filed a request for change of judge. On September 8, 1975, the request was sustained and Judge Winston V. Buford was assigned as trial judge. On September 24, 1975, Judge Buford set the case for trial on December 4, 1975. Plaintiff's counsel received notice of that setting "shortly after the date that it was set."

On December 3, 1975, plaintiff filed a written application for continuance "on the ground that plaintiff will be unable to attend the trial on the scheduled date of December 4, 1975." Attached to the application was the affidavit of plaintiff's attorney Larry Luna.

Luna's affidavit contained, as material here, the following statements: plaintiff could not safely proceed to trial on December 4, 1975, because of plaintiff's absence; if plaintiff were present, he would testify "that he at all times acted in good faith and in accordance with the terms of the contract"; plaintiff is unable to attend the trial "because of an obligation to appear on December 3, 1975, at 2 p. m. before the U.S. Magistrate in Houston, Texas"; Luna was

"informed" that the Houston hearing could extend into December 4, 1975; on November 28, 1975, Luna first discovered "the fact of the Houston hearing"; Luna "notified" the attorney for defendants on November 29, 1975, and Judge Buford was "notified" on December 1, 1975; since the latter date Luna "has been in contact continuously with said judge and attorney"; because of the Houston hearing, Luna was unable to prepare for the trial.

On December 4, 1975, the defendants, who were Arizona residents, and their attorneys appeared before Judge Buford. Attorney Luna appeared on behalf of plaintiff. At that time Mr. Luna informed the court that he had received information to the effect that the hearing in Houston commenced at 3 p. m. the preceding day and concluded "around 5 p. m." Luna also told the court that he had received information from the plaintiff to the effect that plaintiff "was unable to make connections to the Springfield area until 10 o'clock this morning, plus the fact that he has been advised by his attorney in Houston to remain there for at least through Saturday for purposes of drawing down cash bail which he had posted in obtaining the withdrawal of certain evidence which was entered in yesterday's hearing."

The court denied the request for continuance. Defendants then introduced the evidence on which the judgment was based. Plaintiff's counsel made no request to introduce, at a later date, the testimony of his client.

"We recognize that the denial of a continuance rarely is reversible error; yet, the trial court enjoys neither an absolute nor an arbitrary discretion, and the court's action will be reversed if there has been an abuse of discretion." *Missouri Public Service Company v. Argenbright*, 457 S.W.2d 777, 785[10] (Mo.1970).[2]

---

1. At the trial the defendants' evidence showed that the holder of two of the notes had obtained a judgment against defendants totaling $298,703.20. Defendants' evidence also showed that the deed of trust securing another of the notes had been foreclosed and the land had been sold

to satisfy that note. Plaintiff was given credit therefor.

2. See *Blessing v. Blessing*, 539 S.W.2d 699 (Mo. App.1976) for a discussion of the general principles governing appellate review of a trial

In support of his application for a continuance, based on his own absence as being that of a material witness, it was necessary for plaintiff to show, among other things, "due diligence upon the part of the applicant to obtain such witness or testimony." Rule 65.04(1), V.A.M.R.

Here there was no showing of the nature of the proceeding in Houston nor the relationship of plaintiff to that proceeding. There was no showing of the date when *plaintiff* (as distinguished from his attorney Luna) was first made aware of his "obligation" to appear in Houston on December 3. Although there was a showing that Mr. Luna became aware, on November 28, 1975, of the hearing to be held in Houston, there was no showing of any efforts made by Luna to obtain plaintiff's deposition after receiving that information or at any time during the many years the action had been pending. There was no showing of what information was imparted by reason of Luna's being "in contact" with Judge Buford and defendants' attorney after December 1.

This type of application for continuance required a showing of "[w]hat *particular facts* the affiant believes the witness will prove, and that he knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts." Rule 65.04(3) (emphasis added). Rule 65.04(1) also requires a showing of "[t]he facts showing the materiality of the evidence sought to be obtained."

Only the affidavit of attorney Luna purported to describe the testimony which plaintiff would have given. That affidavit stated that plaintiff "would testify that he at all times acted in good faith and in accordance with the terms of the contract which is the subject of this lawsuit." Although the sole issue on this appeal does not require this court to review the evidence touching the merits of the judgment, some of that evidence will be noted. Defendants produced evidence that plaintiff made no payment on any of the notes. Plaintiff had not pleaded the affirmative defense of payment and he had admitted that no payments had been made. Other aspects are mentioned below.[3]

The instant application failed to set forth the "particular facts" which plaintiff would have proven had he been present. The mere statement that plaintiff "acted in good faith" added nothing to his affidavit for the reason that a party to a contract may be in good faith but nevertheless fail to fulfill his contractual obligation. The statement in the affidavit that plaintiff acted "in accordance with the terms of the contract" is a conclusion rather than a statement of "particular facts," especially when viewed in light of the instant pleadings, the nature of plaintiff's duties under the contract, and his admitted failure to fulfill them. There was no compliance with that portion of Rule 65.04(3) requiring a showing of knowledge "of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts."

It appears that plaintiff's presence in Houston, if it was required initially, was no longer needed after 5 p. m. on December 3. Plaintiff made no showing that he could not

court's denial of an application for continuance grounded on the "enforced absence" of a party.

**3.** Plaintiff's petition had sought cancellation of the $220,000 note, the return of certain bonds of "Nineteen Corporation" securing same, and damages of $11,455. The evidence showed that the bonds were worthless at the time they were given as security, that plaintiff knew of their worthlessness at that time, and that the states of Texas and Missouri had issued "cease and desist" orders directed to plaintiff forbid-

ding plaintiff to sell or to offer to sell the bonds. The claim for $11,455 was based in part on a check in the amount of $7,750 which plaintiff had given to one of the note holders. The evidence showed that the check "bounced." Plaintiff was given credit for an expenditure of $1,455 which was a part of the $11,455 claim. The latter also included a $2,500 item which plaintiff, during pretrial discovery, admitted he could not substantiate.

thereafter have made travel arrangements permitting him to attend the Missouri hearing, at least at some time during the following day. It appears that plaintiff remained in Houston, after his presence there was no longer required, solely for his own pecuniary purposes.

This court finds that the record fails to show that the trial court abused its discretion in denying the application for continuance. See *Matter of Estate of Anderson,* 544 S.W.2d 35, 40[2] (Mo.App.1976).

The judgment is affirmed.

All concur.