Debra J. WILLIAMS, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 54988.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 31, 1989.

William L. Webster, Atty. Gen., Van M. Pounds, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Gael D. Wood, Washington, for petitioner-respondent.

REINHARD, Judge.

The Director of Revenue appeals from the judgment of the circuit court reinstating petitioner's driving privileges after the director suspended or revoked them pursuant to § 302.505, RSMo 1986. We affirm.

Acting under §§ 302.500–302.540, RSMo 1986, the director notified petitioner her driver's license was suspended or revoked, the administrative review examiners sustained his determination and petitioner filed for trial de novo in the circuit court. After being reset once at the request of each party, on March 18, 1988, the case was set for trial at 9:30 a.m. on May 5, 1988. The court notified the parties of this setting.

On May 2, 1988, counsel for the director mailed a copy of his application for continuance to petitioner's attorney; the record shows a copy was filed in the court on May 3, 1988. In the motion, director's counsel alleged that on April 28, 1988, a subpoena was served on the state forensic chemist who had analyzed the blood sample taken from petitioner for blood alcohol content. On that same date the witness informed him he would not be able to testify "because he [would] be testifying in a jury trial on that date in Cooper City (sic), Mo." He also alleged that this witness "would testify to essential elements of [the director's] case." In the attached affidavit, counsel stated:

1. On April 28, 1988, I was informed by [Chemist (the witness forensic chemist)] that he would be testifying at a jury trial in Cooper City (sic), Mo. on that date.

2. [Chemist] is an essential witness, in that [the director] cannot prove his case without [Chemist's] testimony.

3. [Chemist] would testify to the matters contained in the attached verified officer's report and attached documents, all of which are incorporated into this affidavit by reference.

4. Further affiant saieth not.

From the judgment we learn the following: On May 5, 1988, the director's counsel, petitioner and her attorney appeared; petitioner announced ready; the director's application for continuance was denied; and the director presented no evidence. The court noted that the director had the burden of proof and ordered petitioner's driver's license reinstated.

On appeal, the Director contends the court abused its discretion when it denied his application for continuance which was filed two days before trial and was based on the unavailability of an essential witness on the day of trial.

"The trial court is responsible for controlling the docket and progress of litigation and the granting of a continuance is largely within its discretion." *Collins v. Director of Revenue*, 691 S.W.2d 246, 254 (Mo. banc 1985); *see* Rule 65.01. "This discretion necessarily is broad; on appeal the trial court's decision is given every possible intendment and will not be set aside unless shown to be abused by arbitrary or capricious exercise." *Commerce Bank of Mexico, N.A. v. Davidson*, 667 S.W.2d 474, 476 (Mo.App.1984). An application for a continuance based on the absence of a witness or his evidence, among other things, must show "due diligence upon the part of the applicant to obtain such witness or testimony...." Rule 65.-04; *Hopkins v. Phillips*, 568 S.W.2d 88, 90 (Mo.App.1978).

This case was set for trial seven weeks before the trial date. The director's absent witness was a chemist for the Highway Patrol and by the nature of his job would be in much demand as a witness. There is no showing as to the date the witness was subpoenaed for the conflicting trial.

We cannot say that the court abused its discretion here given the witness involved, the length of time the case was set for trial, how near to trial the subpoena was issued and the short notice the court had of the director's problem. There was more than ample time to produce or depose the witness.

The director contends that "[i]f the court was of the opinion that the affidavit was insufficient, the court should have permitted its amendment [pursuant to Rule 65.05] before ruling." The record reveals neither that the director requested to amend nor that the allegation of diligence could have been expanded.

JUDGMENT AFFIRMED.[1]

CRANDALL, P.J., and CRIST, J., concur.

---

1. Petitioner's motion for damages for frivolous    appeal is denied.