**Raymond NIXON, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. 64851.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1994.

Application to Transfer Denied Oct. 25, 1994.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

John Robert O'Connor, Union, for respondent.

CRANDALL, Presiding Judge.

The Director of Revenue (Director) appeals from the trial court's judgment reversing the suspension of the driving privileges of petitioner, Raymond Nixon. We affirm.

On July 20, 1993, Director suspended petitioner's driving privileges for thirty days for "driving while intoxicated." On July 27, 1993, petitioner filed a petition for review. A hearing was set for August 3, 1993, but was continued until August 10. On August 9, Director requested a continuance on the basis that counsel was unavailable for at least 30 days, even during nonbusiness hours. The court denied Director's request for a continuance. On August 10, Director sought and received a change of judge pursuant to Rule 51.05. On that same date, the presiding judge assigned the case to himself and set the case for trial later that day. Through the assistant prosecuting attorney, Director then moved for disqualification of the presiding judge on the ground that he was "biased and prejudiced against [Director] in this cause" and moved again for a continuance. The presiding judge denied both motions. Director did not appear at trial and presented no evidence. Based on petitioner's evidence, the trial court found that petitioner's arrest was without probable cause and reversed the suspension of petitioner's driving privileges.

In her first point, Director contends the court abused its discretion in denying her motion for a continuance. Rule 65.03 governs the procedure for applying for a continuance and requires that the motion be made in writing, "accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents...." Because the trial judge is responsible for controlling the docket and the progress of litigation, the grant or refusal of a continuance is a matter of judicial discretion. Rule 65.01; see *Commerce Bank of Mexico, N.A. v. Davidson,* 667 S.W.2d 474, 476 (Mo.App.1984). On appeal the trial court's decision is given every possible intendment and will not be set aside unless shown to be abused by arbitrary or capricious exercise. *Commerce Bank,* 667 S.W.2d at 476.

Here, the motion for a continuance which Director presented to the trial court was not proper, because the claims made therein were neither verified nor supported by affidavit. Because Director failed to follow the simple, explicit, and mandatory procedure to properly present a motion for a continuance, the motion was deficient and the trial court was not required to grant the relief requested. *See Commerce Bank,* 667 S.W.2d at 476. The trial court did not abuse its discretion in denying a continuance. Director's first point is denied.

In her second point, Director asserts that the trial judge should have recused himself from the case or at least have held a hearing on her motion to disqualify him for cause. Director presented her first application for change of judge under Rule 51.05, which the judge granted. Director was entitled to one change of judge as a matter of right as long as she complied with certain minimal procedures. *See State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692, 695 (Mo.App. 1990). Under Rule 51.05, the only prerequisite for obtaining a change of judge is timely application and service of a copy of the application and notice of hearing on the other party.

After being granted one "automatic" change of judge, Director made a second request for a change of judge on the ground that the judge was biased and prejudiced. Disqualification of judges for cause is governed by §§ 508.090 through 508.140, RSMo (1986). Section 508.130, RSMo (1986) provides in pertinent part:

Any party, his agent or attorney, may present to the court, or judge thereof in vacation, a petition setting forth the cause of his application for disqualification of the judge or for a change of venue, and when he obtained his information and knowledge of the existence thereof; and he shall annex thereto an affidavit, made by himself, his agent or attorney, to the truth of the petition, and that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged....

The right to disqualify a judge on the ground that he or she is biased and prejudiced is a statutory privilege and strict compliance with the statute and rules of court is essential to the sufficiency of the application. *Public Water Supply Dist. No. 7 of Jefferson County v. City of Pevely,* 437 S.W.2d 108, 114 (Mo.App.1969).

In the instant action, there was no affidavit attached to Director's motion attesting to the truth of the petition. In addition, Director's motion was not verified. In order for Director's motion for disqualification to have been effective, it was necessary that the motion be either verified or presented with an affidavit attached thereto. *See State ex rel. Wesolich,* 794 S.W.2d at 696; *Public Water Supply,* 437 S.W.2d at 114. Because Director failed to comply with the mandatory requirements for a motion to disqualify a judge for cause, the court was under no duty to grant the relief requested in the motion. The trial judge did not err in refusing to disqualify himself. Director's second point is denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.