John W. SMITH, Petitioner–Respondent,

v.

Jeanie M. SMITH, Respondent–Appellant.

No. 21719.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 24, 1997.

Donald Rhodes, Bloomfield, for respondent–appellant.

William S. Rader, Cape Girardeau, for petitioner–respondent.

MONTGOMERY, Chief Judge.

After a short hiatus, this case returns here. In *Smith v. Smith*, 943 S.W.2d 23 (Mo.App.1997) (henceforth called *Smith I* ), this Court dismissed the appeal for lack of a final judgment. Subsequently, the trial court expressly determined, as permitted by Rule 74.01(b), that there was no just reason for delay and entered judgment. This appeal followed.

In the first appeal of this case, the issue raised by Appellant Jeanie M. Smith was whether the trial court erred in denying her attorney's oral request for a continuance. In this appeal, she again raises that identical issue.

*Smith I* must be read as a preface to this opinion because it fully sets forth the relevant facts and procedural history of this case. We need not repeat that information.

When Appellant's attorney orally requested a continuance on September 5, 1996, Respondent's attorney strenuously objected. In denying the motion, the trial judge said, "I'm going to deny [the motion] primarily on the basis that it looks like this is about the fifth time that we've had this matter set since the original motion for contempt was filed in January of 1996 and I think that it needs to be resolved one way or the other and, for that reason, the motion—request for a continuance will be denied." [1]

Rule 65.03 governs the procedure for applying for a continuance and requires that the motion be made in writing, "accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for continuance may be made orally." Rule 65.04 applies to applications for a continuance on account of an absent witness and sets forth the necessary allegations in the application. As noted, Appellant's motion for a continuance was not in writing.

"The trial court is responsible for controlling the docket and progress of litigation and the granting of a continuance is largely within its discretion." *Collins v. Director of Revenue*, 691 S.W.2d 246, 254 (Mo. banc 1985); *see* Rule 65.01. "This discretion necessarily is broad; on appeal the trial court's decision is given every possible intendment and will not be set aside unless shown to be abused by arbitrary or capricious exercise." *Commerce Bank of Mexico, N.A. v. Davidson*, 667 S.W.2d 474, 476 (Mo.App.1984). An application for a continuance based on the absence of a witness or his evidence, among other things, must show "due diligence upon the part of the applicant to obtain such witness or testimony. . . ." Rule 65.04; *Hopkins v. Phillips*, 568 S.W.2d 88, 90 (Mo.App.1978). *Williams v. Director of Revenue*, 764 S.W.2d 176, 177 (Mo.App.1989).

In *Nixon v. Director of Revenue*, 883 S.W.2d 945 (Mo.App.1994), the trial court denied the Director's motion for a continuance. On appeal, the Director contended that the trial court abused its discretion in doing so. The appellate court found no abuse of discretion because the motion failed to comply with Rule 65.03. The court explained:

Here, the motion for a continuance which Director presented to the trial court was not proper, because the claims made therein were neither verified nor supported by affidavit. Because Director failed to follow the simple, explicit, and mandatory procedure to properly present a motion for a continuance, the motion was deficient and the trial court was not required to grant the relief requested.

*Id.* at 946.

In *In Interest of C.L.L.*, 776 S.W.2d 476 (Mo.App.1989), a termination of parental rights case, the father appealed claiming the trial court abused its discretion in overruling his oral motion for a continuance. The appellate court noted that the motion was not

---

**1.** By our count, according to the docket sheets, the case was continued or reset at least six times.

in writing accompanied by an affidavit as required by Rule 65.03 and said that "[i]n the absence of compliance with the requirements of the rule, there can be no abuse of discretion in denying a continuance." *Id.* at 477.

In *Schreier v. Schreier*, 625 S.W.2d 644, 649 (Mo.App.1981), the trial court denied respondent's oral request for a continuance based "on the grounds that an indispensible [sic] witness was absent." On appeal, respondent claimed abuse of trial court discretion in denying the motion. The appellate court found no abuse of discretion noting that "[i]n the absence of compliance with the requirements of Rule 65.03, there can be no abuse of discretion in denying a continuance." *Id.*

Based on the foregoing case law, we find no abuse of discretion in the denial of Appellant's request for a continuance. Her oral request did not comply with Rules 65.03 or 65.04. In that situation, there can be no abuse of discretion in denying a continuance.

The judgment is affirmed.

PARRISH, P.J., and BARNEY, J. concur.