**John W. GIESECKE, Plaintiff,**

v.

**W AND G CORPORATION,
Defendant-Claimant,**

v.

**KXEN, INC.,
Defendant-Claimant-Appellant,**

v.

**Patsy Garrett McGINNESS as guardian
of John William Garrett, a minor,
Defendant-Claimant-Respondent.**

**No. 40126.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1979.

---

Edward P. Burke, Clayton, for appellant.

Myron Gollub, St. Louis, for respondent.

REINHARD, Presiding Judge.

Appellant, KXEN, Inc., appeals from an order of the Circuit Court which set aside a previous judgment and reinstated the case.

This case is a civil action of interpleader commenced in January, 1968, in which the plaintiff was allowed to deposit in court five promissory notes and a check, and requiring the defendants to interplead with each other to determine who was entitled to receive each of the notes and check.

On August 29, 1977, the circuit court dismissed with prejudice the claims of all interpleaded defendants except defendant KXEN, Inc. for failure to appear at the

---

2. The divorce was granted and stipulation executed under the provisions of § 452.010, et seq. RSMo 1969.

trial. The court further ordered that the notes and check which had been deposited in the registry of the court be delivered to interpleaded defendant KXEN, Inc.

The record indicates that on September 28, 1977, an attorney for Patsy Ruth McGinness, Guardian of the Estate of John William Garrett filed an "affidavit of Non Notice to Party Plaintiff" with the clerk of the circuit court. The affidavit executed by the attorney alleged that he had no notice of the case having been set ·for trial on August 29, 1977. The affiant requested that the cause be reinstated on the docket and the same set for trial in November. The circuit clerk in compliance with the previous order delivered the notes and check held in the registry of the court to appellant on October 21, 1977.

On January 27, 1978, the court entered the following order: "On Motion of Defendant, Patsy Ruth McGinness, Guardian for John William Garrett, a minor, having received no notice of hearing on August 29, 1977, wherein said cause was dismissed, this cause is hereby reinstated." From this order appellant appeals.

The appellant contends that the court ruled ex parte without motion or notice. Apparently, the court considered the affidavit as a motion but there is nothing in the record indicating the service of notice on any other party and on appeal respondent does not contend that any party was served notice of the affidavit or received prior notice of the court's action.

Frankly, the answer to this case is found in our recent case of *Caldwell Paint Manufacturing Company, Inc., a Corporation v. Ron LeBeau and Gail LeBeau, his wife, D/B/A Ron LeBeau Painting Co.,* 591 S.W. 2d 1 (Mo.App.1979).

The circumstances there were similar to those in the instant case other than this being an interpleader action. We said in *Caldwell:*

It is settled law in this State that although the trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify said judgment for good cause within that period of time, Rule 75.01, the power and jurisdiction to do so is subject to the qualification that the party to be adversely affected be given reasonable notice and an opportunity to be heard on the factors inducing the court's intended action. *Savings Trust Co. of St. Louis v. Skain,* 345 Mo. 46, 131 S.W.2d 566, 574[14] (banc, 1939); *Hoppe, Inc. v. St. Louis Public Service Co.,* 235 S.W.2d 347, 348[2] (Mo. banc 1951); *State ex rel. Murphy v. Aronson,* 330 S.W.2d 140, 143[1] (Mo.App.1959); *Summers v. Clayton,* 500 S.W.2d 28, 30[2] (Mo.App. 1973).

This concededly [sic] was not done in this case and therefore the trial court lacked jurisdiction to enter the order of May 27, 1977, setting aside and holding for naught the judgment of April 28, 1977, in favor of the respondent and against the appellants, and said order is, and was since its entry, a nullity.

*Id.* at 6.

At best, we consider respondent's affidavit as a suggestion for it to exercise its power under Rule 75.01.[1] It was filed on the 30th day after entry of the judgment on August 29, 1977; the court made its order attempting to set aside the judgment approximately four months later. There was no notice to the adverse party of the filing of the affidavit or the action of the court prior to when it was taken. Under these circumstances the court was without jurisdiction to enter· its order and we must reverse.

Order setting aside judgment reversed.

DOWD, P. J., and CRIST, J., concur.

---

1. Respondent would have us consider the affidavit as a Rule 74.32 motion. Even if we were to accept respondent's contention, there was no prior notice to appellant.