MOORE ENTERPRISES, INC.,
Respondent,

v.

FRANKLIN NEWSPAPERS,
INC., Defendant,

and

A. Overton Durrett,
Defendant-Appellant.

No. 50345.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 23, 1986.

Martin M. Meyers, Kansas City, for defendant-appellant.

David L. Baylard, P. Daniel Billington, Union, for respondent.

SNYDER, Chief Judge.

A. Overton Durrett appeals from a no-contest judgment entered against him by the trial court of Franklin County in favor of Moore Enterprises, Inc. Appellant had been represented by counsel and had filed pleadings, but did not appear in court the day the case was scheduled for trial. The judgment is affirmed.

Appellant argues that the trial court erred in allowing his lawyer to withdraw the morning of the trial, in appellant's absence, without granting a continuance, and therefore the judgment was erroneously entered against him because he was denied due process in that he lacked reasonable and meaningful notice of the trial setting. Alternatively, appellant contends that the trial court abused its discretion in denying his motion to set aside the judgment because appellant's evidence on his motion demonstrated a meritorious defense, a reasonable excuse for not appearing, and the absence of substantial injury to plaintiff resulting from any delay if the judgment were set aside.

At the outset we draw a distinction between a default judgment and a judgment rendered after defendant has filed pleadings but fails to appear at the trial.

▇ A judgment taken after a defendant files pleadings is not a default judgment but a judgment on the merits. *Hamm v. Hamm*, 437 S.W.2d 449, 452 [1] (Mo.App.1969). The law relating to setting aside such a judgment is different from the law applying to the setting aside of default judgments. The requirement of proving a reasonable excuse, a meritorious defense and absence of injury to plaintiff are not applicable here. *Nixon v. Williamson*, 703 S.W.2d 526, 528 (Mo.App.1985).

▇ Appellant correctly addresses his first point relied on to the question of the setting aside of the no-contest judgment. He cites *Nixon* and argues that he was deprived of due process because he lacked reasonable and meaningful notice of the trial setting when the court allowed his attorney to withdraw the morning of the trial without granting a continuance. Whether appellant was deprived of due process is dispositive of the case. We hold that he was not so deprived and affirm the judgment.

The trial court heard evidence on the motion to set aside the judgment upon the question of notice, the withdrawal of appellant's attorney and the failure to grant a continuance. There were minor conflicts in the testimony which it was for the trial court to resolve.

There was evidence of a lack of cooperation with his attorney on the part of appellant, who himself is a practicing attorney and also a certified public accountant. Appellant told his counsel on the day before the trial was scheduled that it was all right for his counsel to withdraw and that he, appellant, was not going to appear. Appellant admitted that he knew the case was scheduled for trial on May 30.

The trial court concluded no good cause was demonstrated to set aside the judgment. The court noted that, on March 30, 1985, it had continued the case with the admonition that it would be heard on May 30, 1985 without further delay or continuance. Witnesses from northern Iowa had traveled to Union, Missouri to testify at the hearing on May 30. Specifically, the court found that appellant's conduct in not meeting with his attorney to prepare for trial; in not bringing necessary records; in not calling the clerk, the trial court, or another attorney about a continuance; and in not appearing for trial or making any effort to obtain a continuance militated against a finding of lack of notice or good cause to set aside the judgment. The court concluded that appellant, especially because he is a practicing attorney, offered no reasonable excuse for his nonappearance.

▇ This court agrees and holds that appellant was given reasonable notice and the opportunity to be heard, both at a meaningful time and in a meaningful manner. Further, whether to allow trial counsel to withdraw is within the sound discretion of the trial court. *Harms v. Simkin*,

322 S.W.2d 930, 933 (Mo.App.1959). Although that discretion is judicial in nature and reviewable on appeal, every intendment is in favor of the court's ruling. *Id.* The fact that an attorney withdraws from a case does not give a party an absolute right to a continuance. *Id.* There was no abuse of discretion here, particularly in view of the fact that the trial judge had made clear to the parties, appellant included, that the May 30, 1985, setting was peremptory. Permitting appellant's counsel to withdraw without granting a continuance did not in this case deny appellant due process.

■ It was incumbent upon appellant as a defendant to appear at the trial setting. Nothing in the record supports an argument he did not have notice of the trial. As in *Hamm v. Hamm,* 437 S.W.2d 449 (Mo.App.1969), appellant's absence from the trial was deliberate and did not result from inadvertence, misfortune or an act vis major; neither was it occasioned in any manner by his co-defendants, the plaintiff or plaintiff's lawyer. *Id.* at 453. By his own admission, appellant agreed to his attorney's withdrawal; therefore, he is in no position now to contend the judgment against him resulted from repudiation by his attorney of the attorney-client relationship.

Respondent's motions for attorney's fees and for damages for a frivolous appeal, Rule 84.19, are denied.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.