**Deborah A. EIDSON, Plaintiff–Respondent,**

v.

**George E. EIDSON, Defendant–Appellant.**

**No. 55533.**

Missouri Court of Appeals, Eastern District, Division One.

June 30, 1989.

Edwin J. Olson, St. Louis, for defendant-appellant.

Chester A. Love, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Husband appeals from a decree of dissolution entered after he filed an answer, but failed to appear at trial. We affirm.

Husband and wife were married in 1977. On December 10, 1987, wife filed a petition for dissolution. She requested custody of the two minor children, payment of child support, and division of the marital property. The petition alleged, among other things, that the marriage was irretrievably broken.

At the time the petition was filed, husband was incarcerated in the Missouri Eastern Correctional Center in Pacific, Missouri. Husband employed counsel and filed an answer. He denied the marriage was irretrievably broken, but admitted all other allegations. In his answer he prayed that the court deny wife's request for dissolution of the marriage or, alternatively, if the divorce was granted, that the court award custody of his two minor children to wife, order him to pay reasonable child support, and divide the marital property.

On June 28, 1988, after three attempts at setting a trial date had been made, husband's counsel withdrew. On July 27, 1988, wife, following the procedure in St. Louis County local Rule 36.1.4, obtained a trial setting for August 15, 1988, and filed written notice thereof. A copy of the no-

tice was sent by certified mail to husband. Husband received the notice. The case was called for trial on August 15, 1988. Husband did not appear. Wife presented her evidence and the court entered a decree of dissolution. The court dissolved the marriage, granted custody of the two minor children to wife, ordered husband to pay $100 per month per child for child support, set off to wife a substantial portion of the marital property, and ordered husband to pay wife's attorney fees.

On August 26, 1988, an attorney acting on husband's behalf filed a motion requesting that the court set aside the August 15, 1988, judgment on the grounds that (1) husband had a viable defense to the allegations and (2) that husband was not given proper notice. The trial court sustained the motion on the same day without notice to wife's counsel. On September 1, 1988, a new counsel entered his appearance for husband.

On September 13, 1988, wife filed a motion to set aside the order of August 26, 1988, on the ground neither she nor her attorney was given notice and an opportunity to be heard. On September 23, 1988, the court, after a hearing, sustained wife's motion and set aside its order of August 26, 1988. The court set a hearing on husband's August 26, 1988, motion for September 26, 1988.

At the September 26, 1988, hearing, husband's counsel admitted that husband had received notice of the August 15, 1988, trial date. However, he argued that subsequent to receipt of the first notice and prior to the trial date, husband received a printout from the circuit clerk stating that the dissolution hearing would be during the week of August 29, 1988. The court denied husband's motion to set aside.

■ It should be noted initially that the August 15, 1988, judgment was not a default judgment, rather, because husband filed an answer, it was a judgment on the merits. *Moore Enterprises, Inc. v. Franklin Newspapers, Inc.*, 716 S.W.2d 907, 908 (Mo.App.1986); *Nixon v. Williamson*, 703 S.W.2d 526, 528 (Mo.App.1986). Additionally, we note husband has made no attempt to challenge the divorce decree on the merits. Thus, we are presented with but one issue: Whether husband received "reasonable and meaningful notice of the trial setting...." [1] *Moore Enterprises, Inc.*, 716 S.W.2d at 908.

In his motion, husband contended he was entitled to relief because he had not received proper notice of the trial date. Notice of the August 15, 1988, trial date was sent to and received by husband. It complied with St. Louis County local Rule 36.-1.4 governing notice in domestic cases and provided husband with meaningful and reasonable notice of the trial date. Thus, the notice was proper and husband was not denied due process. During the hearing on husband's motion to set aside, the trial court had before it the printout to which counsel referred and obviously considered this when ruling on husband's motion. The trial court's denial of husband's motion to set aside was fully supported by the record.

Husband did not challenge the judgment on the merits. However, we note that both the evidence produced at the trial on the merits and the admissions made by husband in his answer fully support the trial court's judgment.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Husband alternatively argued the trial court had no jurisdiction to enter its order of September 23, 1988, sustaining wife's motion to set aside the order of August 26, 1988. This is incorrect. As the order of August 26, 1988, was void due to wife's lack of notice, (*See Dixon v. Bi–State Development Agency*, 636 S.W.2d 696, 698 (Mo.App.1982), *Caldwell Paint Mfg. Co. v. Lebeau*, 591 S.W.2d 1, 6 (Mo.App.1979), and *Giesecke v. W and G Corp.*, 591 S.W.2d 721, 722 (Mo.App.1979)) she had a "reasonable time" to make her motion to set aside the order of August 26, 1988. Rules 74.06(c).