**In the Interest of C.L.L., R.P.L., Jr., and R.A.L.**

**No. 55785.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 12, 1989.

Lindell P. Dunivan, Farmington, for appellant.

Shawn Ragan McCarver, Flat River, for appellee.

CRANDALL, Judge.

R.P.L., Sr. (father), appeals from the judgment of the trial court terminating his parental rights to his daughter, C.L.L., born September 5, 1981, and his two sons R.P.L., Jr., born September 27, 1982, and R.A.L., born September 28, 1984 under Section 211.447.2(2), RSMo. (1986). The mother, a party below, consented to termination

of her parental rights and is therefore not a party on appeal. We affirm.

Father does not challenge the sufficiency of the evidence. Indeed, the record on appeal is replete with substantial evidence to support the judgment of the trial court. Father placed the flame of a cigarette lighter under R.P.L.'s hand, causing the child severe pain. He committed severe and recurrent sexual abuse, including acts of incest, on C.L.L. Father also knew of and permitted the handcuffing of C.L.L. and R.P.L. to the bed and couch for periods as long as overnight. Finally, father was convicted of raping C.L.L. and sentenced to imprisonment for fifteen years.

Father first claims the trial court erred in overruling his motion for continuance because he was denied an adequate opportunity to consult counsel in person. Father was incarcerated at the Fulton Reception and Diagnostic Center (Fulton), but was produced at the St. Francois County Jail on the morning of the termination proceeding, September 6, 1988, at 8:00 a.m. He claims that at approximately 11:00 a.m. that morning, father met with his counsel for the first time, about three hours before the scheduled trial. At the beginning of trial, counsel for father requested and the court denied his motion for a continuance.

The trial court has broad discretion in deciding whether to grant a motion for continuance, and will not be reversed unless the decision is a capricious exercise of that discretion. *Collins v. Director of Revenue*, 691 S.W.2d 246, 254 (Mo. banc 1985).

Father's motion was not in writing accompanied by an affidavit as required by Rule 65.03. In the absence of compliance with the requirements of the rule, there can be no abuse of discretion in denying a continuance. *Schreier v. Schreier*, 625 S.W.2d 644, 649 (Mo.App.1981). Secondly, the trial court cannot be faulted for any lack of communication between father and his trial counsel. Father's trial counsel did not seek a court order to transport father to the St. Francois County Jail earlier than the day of trial, nor did he visit father at Fulton. Father's claim that he was prejudiced by the denial of his motion

for continuance because he learned, on the morning of trial, that his wife consented to termination of *her* parental rights is also without merit. This claim of prejudice is illusory and his argument borders on the absurd. Father's first point is denied.

Father next claims the trial court erred in denying his oral motion for a change of judge made on the day of trial. He argues that the trial judge was biased because the judge presided over father's trial for the rape of C.L.L. The trial court found both that the motion was untimely and that the court would provide father with a fair and impartial trial.

Clearly, father was not entitled to disqualification of the trial judge as a matter of right, because his motion was untimely under Rule 126.01(b). His claim that the trial judge erred by refusing to disqualify himself for cause is also without merit.

The fact that a judge has previously made adverse rulings against a defendant or had previous contact with a defendant in a criminal matter does not establish prejudice which would require the trial judge to disqualify himself. *State v. Owens*, 759 S.W.2d 73, 75 (Mo.App.1988). Any judge hearing the case would learn, as a matter of evidence, of defendant's conviction. Here, the trial judge specifically found that he would be fair. There was simply no evidence of bias or prejudice on the judge's part. Father's second point is denied.

Judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.