**Melba Leone NANCE, Respondent,**

v.

**Alvin Rufus NANCE and Janet S. Nance, Appellants.**

**No. 64065.**

Missouri Court of Appeals, Eastern District.

July 19, 1994.

Eric Charles Harris, Mayhugh and Harris, Flat River, for respondent.

Mary J. Lake, Almond, Williams & Brady, Hillsboro, for appellants.

SIMON, Judge.

Appellants Alvin Nance, husband, and Janet Nance, husband's present wife, appeal a contempt judgment in favor of respondent Melba Nance, former wife.

On appeal, appellants contend that the trial court erred in: (1) failing to grant appellants' motion for continuance from the March 5, 1992 contempt motion hearing date because items required for appellants' defense were unavailable to them, thus depriving appellants an adequate defense; (2) failing to grant appellants additional time in which to obtain other counsel and allowing respondent to proceed with her case; (3) assessing retroactive deficiencies for maintenance and utility payments based on calculations which assumed the reduction in maintenance and the cessation of utility payments were effective on October 19, 1990, the date the modification order was signed, rather than September 7, 1989, the date of the hearing on the motion to modify, because the modification order implicitly makes September 7, 1989, the effective date; (4) setting aside the August 13, 1990 conveyance of Lot 79 of the Lakeland Retreat because this order was not supported by the evidence and was against the weight of the evidence; and (5) finding husband guilty of civil contempt because the finding is not supported by sufficient evidence and is against the weight of the evidence. We affirm.

Our review is governed by the well-known principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless is erroneously declares or applies the law. *Id.* at 32[1–3]. Further, "[a]s trier of fact, it is the function, indeed the duty, of the trial court to decide the weight and value to be given to the testimony of any witness. On appeal, we view the evidence in a manner favorable to the decree and disregard contradictory evidence." *Wynn v. Wynn*, 738 S.W.2d 915, 918[1] (Mo.App.1987) (citation omitted.) "We defer to the trial court even if the evidence could support a different conclusion." *Id.*

The record shows that husband and former wife were married on October 17, 1953. By agreement, husband and former wife separated. Three children were born of the marriage, and all were emancipated by the time of the separation. Husband and former wife were granted a decree of dissolution of marriage on September 5, 1986. The decree required that husband was to pay former wife $150.00 per week for maintenance, and portions of former wife's medical insurance, utilities, taxes, and other obligations. Subsequently, husband filed a motion to modify and former wife filed a counter-motion for contempt for failing to pay certain obligations. A hearing was held on September 7, 1989. On October 19, 1990, the trial court granted husband's motion to modify specifically finding that: (1) husband's health had deteriorated; (2) wife enjoyed substantial contributions of support from a male friend with whom she lived, and that she received a small inheritance, approximately $8,000.00, effecting a change in circumstances; and (3) even though former wife was able and qualified for employment, she failed to seek employment. Accordingly, the trial court reduced maintenance from $150.00 to $90.00 per week, but failed to state whether the reduction was effective September 7, 1989, the date of the hearing, or October 19, 1990, the date the order was signed. Further, the trial court found that there was no contempt on the part of husband for failing to pay maintenance and other obligations.

On December 7, 1990, former wife filed a second motion for contempt alleging that husband had not paid: (a) medical insurance for the months of May, 1989, through January 3, 1990, in the amount of $2,064.44; (b) maintenance for April 13, 1989 to October 19, 1990, at a rate of $150.00 per week totalling $11,800.00; (c) maintenance for October 19, 1990, to December 7, 1990, at a rate of $90.00 per week totalling $630.00; (d) two weeks of

retirement benefits totalling $520.44; and (e) various other insurance, utility and tax payments in the amount of $3,241.42, alleging husband's total arrearage as of December 7, 1990, to be $18,256.30.

On June 7, 1991, former wife filed a petition to set aside as fraudulent to judgment creditors, a deed by which husband conveyed to his present wife, and himself as tenants by the entireties the house in which they lived. The trial court ordered that this petition be joined with the motion for contempt, and present wife was joined as an additional party.

On December 12, 1991, the trial court permitted Mr. Reeves, previous counsel for appellants to withdraw, and set all pending motions for hearing on March 5, 1992. New counsel entered her appearance on January 30, 1992, but had on January 20, 1992, requested the recordings of the modification hearing of September 7, 1989. On March 5, 1992, counsel for appellants requested that the March 5, 1992 hearing be continued because she had not received the requested tapes, and without the tapes she could not adequately prepare a defence.

On March 5, 1992, the trial court denied appellants' motion to continue and allowed counsel to withdraw. However, appellants did not request time to secure other counsel. The trial court proceeded with the hearing without appellants being represented by counsel. By order dated November 13, 1992, the trial court found husband guilty of civil contempt and held his arrearages totaled $23,752.30. The trial court ordered husband to pay wife's attorney's fees, in the amount of $2,750.00. The trial court further ordered that the deed conveying the residence to appellants be set aside and made subject to former wife's lien, that husband convey to former wife his share of the real estate they owed jointly as a credit against the arrearages, and that husband assign one-third of his retirement benefits to former wife.

Present counsel re-entered appearance for appellants on March 31, 1992, and filed a motion for a new trial. The trial court overruled the motion, and on April 14, 1993, issued an order of commitment and a warrant for husband's arrest.

In their first point, appellants contend that the trial court abused its discretion in failing to grant their motion for continuance for the March 5, 1992 contempt motion hearing date, because items required for appellants' defense—the tape recordings of the September 7, 1989 hearing—were unavailable and appellants were thereby deprived of an adequate defense.

■ Former wife contends that the trial court did not abuse its discretion since appellants failed to present a proper motion for continuance in accordance with Rule 65.03 which provides:

> An application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for continuance may be made orally.

The trial court has broad discretion in deciding whether to grant a motion for continuance, and will not be reversed unless the decision is a capricious exercise of that discretion. *In the Interest of C.L.L.,* 776 S.W.2d 476, 477 (Mo.App.1989). In the absence of compliance with the requirements of Rule 65.03, there can be no abuse of discretion in denying a continuance. *Id.*

■ Here, appellants' motion for continuance was filed on March 5, 1992, the contempt motion hearing date. The record indicates that the motion was not supported by an affidavit by the applicant or some other credible person setting forth the facts upon which the application was based. Furthermore, the record shows that former wife did not consent that the application for continuance could be made orally. By failing to comply with the requirements of Rule 65.03, appellants were not entitled to a continuance, thus the trial court did not abuse its discretion. Point denied.

In their second point, appellants contend that the trial court abused its discretion by failing to grant additional time in which to obtain other counsel and allowing former wife to proceed with her case, when present counsel withdrew from representing appel-

lants immediately preceding the hearing on the motion for contempt.

Former wife contends that the trial court did not abuse its discretion since appellants did not request additional time in which to obtain other counsel, had no absolute right to be represented by counsel, had been ordered by the trial court to be prepared to proceed with all motions on the March 5, 1992 hearing date, and consented to the withdrawal of their counsel.

■ Whether to allow trial counsel to withdraw is within the sound discretion of the trial court. *Moore Enterprises, Inc., v. Franklin Newspapers, Inc.*, 716 S.W.2d 907, 908[4–6] (Mo.App.1986). Although that discretion is judicial in nature and reviewable on appeal, every intendment is in favor of the trial court's ruling. *Id.* at 909. The fact that an attorney withdraws from a case does not give a party an absolute right to a continuance. *Id.*

■ Here, appellants had been previously ordered to be prepared to proceed on all motions on the March 5, 1992 hearing date, whether with counsel or *pro se*. Counsel for appellants withdrew with the trial court's permission immediately prior to the March 5, 1992 hearing. The record shows that the request for leave to withdraw was made with the consent of husband. Further, the record is devoid of any request by appellants to obtain other counsel, or any proper motion for continuance or even a request for additional time; therefore, the trial court did not abuse its discretion. Point denied.

In their third point, appellants contend that the trial court abused its discretion in assessing retroactive deficiencies for maintenance and utility payments based on calculations assuming the reduction in maintenance and utility payments to be effective October 19, 1990, the date of the modification order, rather than September 7, 1989, the date of the hearing on the motion to modify. Wife contends that the trial court did not err in making the modification effective October 19, 1990, because that is the date the modification order was entered.

■ The determination of the effective date of an order on a motion at any time after the date of filing rests within the discretion of the trial court. *Gable v. Gable,* 816 S.W.2d 287, 292[5, 6] (Mo.App.1991). Absent a clear abuse of discretion, appellate courts will not disturb the exercise of the trial court's discretion. *Id.* For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. Rule 81.05(a).

■ Here, the trial court's October 19, 1990 order was silent as to the effective date of the reduction in maintenance and the cessation of utility payments. It is within the discretion of the trial court when the order on a motion becomes effective. *See Gable, supra.* The record does not contain any request by husband that the order on the motion to modify should be retroactive to September 7, 1989, the date of the hearing. Further, nothing in the October 19, 1990 order implicitly makes September 7, 1989, the effective date. As a result, the trial court did not abuse its discretion in making October 19, 1990 the effective date of the modification. If husband believed the trial court abused its discretion, the proper remedy was to file a motion to amend or to appeal the order. Point denied.

In their fourth point, appellants contend that the trial court abused its discretion in setting aside the conveyance of Lot 79 of Lakeland Retreat dated August 13, 1990, for the reason that the order was not supported by the evidence and was against the weight of the evidence. Former wife contends that the trial court did not err since the order was supported by the evidence in that the conveyance was done in violation of § 428.020 R.S.Mo.1986 in an effort to hinder, delay, and defraud her.

■ To establish a cause of action under § 428.020 R.S.Mo.1986 (we note that § 428.020 has been repealed and re-enacted as § 428.024), the creditor must show a conveyance by the debtor for the purpose of putting his assets beyond the reach of the creditor. *Springfield General Osteopathic Hospital v. West,* 789 S.W.2d 197, 201[1] (Mo.App.1990).

Section 428.020 R.S.Mo.1986 provides in pertinent part:

> Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands ... made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions, damages, forfeitures, debts, or demands, ... shall be henceforth deemed and taken, as against said creditors and purchasers, prior and subsequent, to be clearly and utterly void.

The burden of proof is on the creditor, and fraud is never presumed when the transaction may be fairly reconciled with honesty. *Id.* However, fraudulent intent is difficult to establish by direct proof, and consequently, it must be demonstrated by the surrounding circumstances. *Id.* The courts have recognized several "badges of fraud" which include: (1) a conveyance to a spouse or near relative; (2) inadequacy of consideration; (3) transactions different from the usual method of transacting business; (4) transfers in anticipation of suit or execution; (5) retention of possession by the debtor; (6) the transfer of all or nearly all of the debtor's property; (7) insolvency caused by the transfer; and (8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious. *Id.* While none of the badges of fraud existing alone establishes fraud, a concurrence of several of them raises a presumption of fraud. *Id.*

Here, on August 13, 1990, husband conveyed by quit claim deed Lot 79 of Lakeland Retreat to himself and his present wife, thereby creating a tenancy by the entirety which prevented wife from attaching the real estate and lawfully executing on her maintenance judgment. The record shows that several "badges of fraud" existed with regards to this conveyance. First, husband conveyed the property to his present wife. Second, husband's present wife did not give any form of consideration for the conveyance. Third, a conveyance of property without any form of consideration is different from the usual method of transacting business. Fourth, at the time of the conveyance, husband was awaiting the trial court's judgment on wife's first motion for contempt. Fifth, husband retained possession of the conveyed property. Clearly, the circumstances raise the presumption of fraud. Further, the record reflects that appellants failed to produce any evidence to rebut this presumption. As a result, there was substantial evidence to support the trial court's order, and the trial court did not err in setting aside appellants' deed of August 13, 1990. Point denied.

In his final point, husband contends that the trial court erred in finding him guilty of civil contempt for the reason that such a finding is against the weight of the evidence because he did not willfully place himself in such a financial condition that he could not pay maintenance as ordered and was financially unable to make such payments.

Former wife contends that the trial court did not err in finding husband guilty of civil contempt because the finding is supported by sufficient evidence and husband did not prove he had the inability to make the maintenance payments.

When a former spouse proves that the other has failed to make required payments under a dissolution, a prima facie case of contempt has been shown. *Owsley v. Owsley,* 693 S.W.2d 897, 898[2, 3] (Mo.App. 1985). The other party then has the burden of proving the inability to make payments and being in that position did not occur intentionally and contumaciously. *Id.* In a civil contempt case, both the contempt judgment and the order of commitment must set forth the facts and circumstances which constitute contempt. *Yalem v. Yalem,* 801 S.W.2d 439, 441[3, 4] (Mo.App.1990).

Here, the record shows that at the March 5, 1992 hearing, wife submitted evidence, through testimony and documentation, that husband owed her an arrearage of $23,752.30. Once wife made a prima facie case of contempt, husband failed to prove his inability to make the payments and that being in that position did not occur intentionally and contumaciously. Appellants were each examined at the March 5, 1992 hearing. However, each invoked their Fifth Amendment right against self-incrimination and consistently refused to answer any questions. The record is also devoid of any other evidence which illustrates that husband was unable to

make the maintenance payments. As a result, husband did not meet his burden of proving his inability to make the payments and that being in that position did not occur intentionally and contumaciously.

Furthermore, the trial court's contempt order of November 13, 1992, and order of commitment dated April 14, 1993, properly set forth the facts and circumstances constituting contempt. The court found husband's income was $847.00 per month from his pension, $759.00 per month Social Security income, and $150.00 per month from a loan repayment. Further, that husband had a savings account balance of $4,800.00 as of January 1991. The court also found husband conveyed Lot 79 of Lakeland Retreat to himself and his present wife in an effort to hinder, delay and defraud former wife. The court found that the total arrearages (excluding statutory interest) owed by husband were $23,752.30. As a result, the trial court's civil contempt order and order of commitment has sufficient evidentiary support. Point denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.