Lori A. SVEJDA, Respondent,

v.

David B. SVEJDA, Appellant.

No. WD 64076.

Missouri Court of Appeals,
Western District.

March 8, 2005.

John K. Allinder, Independence, for appellant.

Dennis Bernard Bosch, Independence, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

David Svejda ("Husband") appeals a judgment of dissolution of marriage from Lori Svejda ("Wife") contending that the evidence did not support the division of property and that the evidence did not support the amount of child support awarded. Wife filed a motion to dismiss his appeal contending that it was untimely because Husband's handwritten response to her petition did not constitute an "answer," that Husband was, therefore, in default, and that the time for filing his notice of appeal was not extended by his filing of a post-trial motion. We reverse.

The Svejda's were married fifteen years before Wife filed for divorce on October 29, 2003. The couple has one child, David Daniel Svejda, born on February 14, 1991. Husband was served with the Petition for Dissolution on November 11, 2003. On December 10, 2003, Husband filed a handwritten statement with the court stating: "I agree to start this divorce, and to split everything we have acquired together equally, and to take our own belongings with us, also the joint custody of David Daniel Svejda." Husband filed no other documents.

Husband appeared at a case management conference and was notified of the trial date of March 5, 2004. At that time he did not appear. After hearing evidence the trial court found him in default and entered a Judgment and Decree of Dissolution of Marriage awarding marital property to Wife in the amount of $106,330, and to Husband in the amount of $72,750. Husband's property award included a retirement plan found by the court to have value of $50,000 and 401(k) valued by the court at $4,550. Orders regarding custody of the children were entered that are not contested and the trial court entered a child support order of $739 per month based on Wife's Form 14 which set Husband's income at $5,339.

Husband contends on appeal that there was no evidence presented that he owned a pension worth $50,000 or 401(k) at the value of $4,550, and no evidence to support a monthly income for him of $5,339. Wife essentially concedes these points on the merits arguing only that her Asset Statement filed with the court contained clerical errors regarding the retirement accounts and that she had mistakenly based his Form 14 income on ten months of work rather than twelve during the previous year. She acknowledges that neither of these explanations or clarifications appears in the record before the trial court. Rather, she argues that Husband's appeal should be dismissed as untimely.

Husband filed a motion under Rule 75.01 within thirty days of judgment attacking the judgment on the merits. The trial court overruled it on April 8, 2004. Husband's notice of appeal was filed on April

19.[1] Wife argues two rationales for her assertion that the judgment became final on April 5 and the notice of appeal was therefore due ten days later under Supreme Court Rule 81.04(a).

■ Wife first argues that Husband was in default because he did not file a legally sufficient answer to her petition. She argues that since Husband's post-trial motion was denominated as being under Supreme Court Rule 75.01 it was, therefore, not a proper motion under Rule 74.05(d) to set aside a default judgment. We note even more importantly, that if Husband was in default he cannot appeal on the merits of the judgment as he has done, but only from the denial of the motion to set aside default judgment. *See Comstock v. Comstock,* 91 S.W.3d 174, 175 (Mo.App. 2002).

■ We do not agree that Husband was in default. If Husband's *pro se* filing constituted a valid answer then his case is not a true default judgment (i.e., when a party fails to file responsive pleadings). A judgment taken after a defendant has filed pleadings but fails to appear at trial is not a default judgment but a judgment on the merits. *Moore Enters., Inc. v. Franklin Newspapers, Inc.,* 716 S.W.2d 907, 908 (Mo.App.1986). Wife contends that Husband's *pro se* pleading is not sufficient to constitute an answer. However, even a "crude, nonprofessional," *pro se* pleading can qualify as an answer. *Taylor v. Taylor,* 742 S.W.2d 630, 631 (Mo.App.1988). Husband's *pro se,* handwritten pleading responded to the issues of property division and child custody raised in Wife's petition for dissolution. We construe it to be a valid answer and, therefore, Husband was not in default. *Moore Enters.,* 716 S.W.2d at 908.[2]

■ Because Husband was not in default, he could appeal on the merits from the judgment and the finality of the judgment could be delayed by a timely authorized post-trial motion filed by Husband. Wife argues, however, that Husband's post-trial motion, although timely, was not a proper motion to extend the trial court's jurisdiction beyond the thirty days provided by Rule 81.05. If Wife is correct, then Husband's notice of appeal was untimely because his motion did not extend the trial court's jurisdiction and we must dismiss.

■ Wife argues that Husband's motion does not qualify as an authorized post-trial motion necessarily extending the trial court's jurisdiction because it improperly invokes Rule 75.01. We disagree. Generally, a motion brought pursuant to Rule 75.01 will not qualify as an authorized post-trial motion. *Anderson v. Shelter Mut. Ins. Co.,* 127 S.W.3d 698, 702 (Mo. App.2004). However, if a Rule 75.01 motion is directed toward errors of fact or law in the trial, it can be treated as a motion for new trial, thus extending the trial court's jurisdiction over the judgment to ninety days. *Stelts v. Stelts,* 126 S.W.3d 499, 502 (Mo.App.2004). Husband's motion challenged the trial court's judgment and alleged errors in the division of property and the calculation of child support and is properly treated as a motion for a new trial. As such, Husband's motion extended the trial court's jurisdiction and, necessarily, his time to file his appeal. Rule 81.05. Husband had ten days from the April 8 ruling on his motion to file for an appeal. Husband's appeal was timely.

---

1. The 18th was a Sunday.

2. He said he agreed to the "divorce" and to split everything equally, and to take their respective belongings. He also asked for joint custody of their child.

Wife's motion to dismiss is denied.

Turning to the merits of Husband's appeal, husband first disputes the property division on the basis that there is no evidence in the record indicating that he owns the retirement assets assigned to him. Wife concedes that there was no evidence presented to the trial court to support the award to Husband of a pension with the value of $50,000 and that the only evidence presented of Husband's 401(k) indicates its value at only $550, not $4,550.

A trial court, in dividing marital property at divorce, is prohibited from assigning value to property when that value is not supported by any evidence at trial. *Jarvis v. Jarvis,* 131 S.W.3d 894, 899 (Mo. App.2004); *In re Marriage of Below,* 8 S.W.3d 233, 236 (Mo.App.1999). Although the trial court is not expressly required to assign specific values to marital property in its judgment, evidence from which the value of the marital property can be determined must appear in the record. *Below,* 8 S.W.3d at 236. In the absence of such evidence, there can be no meaningful appellate review to determine if, in fact, the division of property was fair and equitable. *Wright v. Wright,* 1 S.W.3d 52, 59 (Mo. App.1999). Husband challenges the overall fairness of the property division award. The retirement accounts in question represent approximately 75 percent of the award to Husband and have no evidentiary support in the record.

Husband's first point is granted.

Wife likewise concedes Husband's second point that the evidence did not support the income figure used on her Form 14 for Husband. She offers an explanation on appeal as to how the figure could be correct but such evidence was not before the trial court. In the alternative, she requests that we exercise our discretion under Rule 84.14 to recalculate the child support based on the evidence that was introduced to the trial court. Although we could do so, *Burkhart v. Burkhart,* 876 S.W.2d 675, 680 (Mo.App.1994), we decline because the matter must be reversed in any event and remand will permit the court to explore Wife's assertion on appeal that Husband's income is higher than shown at trial.

This cause is reversed and remanded for the court to hear evidence concerning the value of Husband's pension plan and to, if necessary, reconsider the property division. The court shall also hear additional evidence to determine the proper amount of child support.

JOSEPH M. ELLIS, Judge, and PATRICIA BRECKENRIDGE, Judge, concur.