**COMMERCE BANK OF MEXICO, N.A., Respondent,**

v.

**Andrew M. DAVIDSON, and Alexandra E. Davidson, Appellants.**

**No. 46633.**

Missouri Court of Appeals, Eastern District, Northern Division.

March 20, 1984.

See also, 667 S.W.2d 477.

Dennis J.C. Owens, Gary McMillan, Kansas City, for appellants.

Louis J. Leonatti, G. Andy Runge, Mexico, for respondent.

CRIST, Judge.

Defendants appeal from the trial court's refusal to set aside a default judgment entered against them on plaintiff's action for default on a promissory note. We affirm.

Plaintiff filed its petition on August 17, 1981. Defendants were served with process on August 24, 1981. On October 21, 1981, defendants moved for leave to file their answer out of time. The trial court granted this motion and an answer was filed on October 24, 1981.

On March 5, 1982, this action was first set for trial on April 13, 1982. On April 12, defendants' request for a continuance was granted. A second trial date was set for July 9, 1982. Again, at defendants' request, the trial court granted a continuance.

The third trial setting was for September 22, 1982. Two days before trial, defendants moved for a third continuance and requested leave to file an amended answer and counterclaim. On September 22, 1982, the trial court granted the continuance but denied leave to amend the answer or assert a counterclaim.

For the fourth time this action was set for trial, scheduled to start on October 18, 1982. On October 12, 1982, defendants' attorney filed in the circuit court an unverified motion captioned "Notice of Engaged Counsel." The motion claimed the United States District Court for the Western District of Missouri, on October 5, 1982, had appointed defendants' attorney to be trial counsel in a pending criminal action. The motion stated that due to this appointment defendants' attorney would be occupied at

the time the present action was set for trial. The motion concluded by requesting a fourth continuance "to such time as is convenient for this Court and counsel is no longer occupied with duties in another action." The trial court made no express ruling on this motion.

On the day of trial, plaintiff appeared with counsel. Defendants and their attorney had received due notice of the trial setting and no ruling on their "Notice of Engaged Counsel" but failed to appear. Plaintiff produced evidence and the trial court entered judgment in its favor for $15,937.12 as the principal amount of the note, $5,036.13 in interest, and $2,309.57 as attorney fees.

Plaintiff mailed defendants a copy of the judgment entered against them on November 29, 1982. The trial court's docket sheet indicates defendants filed a motion to set aside the default judgment for irregularity on December 13, 1982. For some unexplained reason, this motion was not entered in the circuit court's files. Therefore, the Circuit Clerk could not certify a copy of this motion to this court in the record on appeal. Another motion to set aside, however, was filed in this court on April 21, 1983 and is included, but again not certified by the Circuit Clerk, in the legal file on appeal. In any event, the trial court's record shows plaintiff responded to a motion to set aside the default judgment on December 20, 1983.

On January 12, 1983, this court denied defendants' motion to file a late notice of appeal because the trial court had not ruled upon a motion to set the default judgment aside. See Vonsmith v. Vonsmith, 666 S.W.2d 424 (Mo. banc 1984). Defendants' attorney sent a letter to the trial judge on February 3, 1983, stating his motion for a late notice of appeal had been denied and requesting the judge to rule on the motion to set aside the default judgment. The next day the trial judge wrote back, explaining the reason he never ruled on the motion was because it had never been presented to him. The judge concluded the letter by stating he was entering an order

as of that date denying the motion. This order was not made part of the legal file on appeal.

On February 22, 1983, this court granted another of defendants' motions to file a late notice of appeal.

Defendants claim the trial court erred in refusing to set aside the default judgment against them because the trial court's failure to rule on the "Notice of Engaged Counsel" constituted "an irregularity in that the action was not in keeping with a mode of procedure that is necessary for the due and orderly conduct of suits." For this proposition defendants cite McDaniel v. Lovelace, 439 S.W.2d 906 (Mo.1969). See also Rule 74.32.

■■■ Rule 65.03 governs how an application for a continuance is to be made. It requires the motion to be in writing, "accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents...." Since the trial judge is responsible for controlling the docket and the progress of litigation, the grant or refusal of a continuance is a matter of judicial discretion. Rule 65.01. See State ex rel. Schaper v. Stussie, 487 S.W.2d 49 (Mo. App.1972). This discretion necessarily is broad; on appeal the trial court's decision is given every possible intendment and will not be set aside unless shown to be abused by arbitrary or capricious exercise. Hendricks v. Motor Freight Corp., 570 S.W.2d 702 (Mo.App.1978).

■ We first note a proper motion for a continuance was not presented to the trial court for it to rule upon because the claims made therein were not verified or supported by affidavit. Failure to follow the simple, explicit, and mandatory procedure to properly present a motion for continuance did not compel the trial court to rule on the informal request.

■ More importantly, however, "[d]efendants' counsel made no effort to learn whether his informal epistolary continuance request had been granted, what

disposition had been made of the pending case, or to present a more fully sufficient application for continuance with supporting affidavit as contemplated by Civil Rule 65. These were omissions of neglect.  * * * Counsel was not justified in relying upon the expectation that the court would exercise its discretion to grant a continuance in his favor...." *Vaughn v. Ripley,* 446 S.W.2d 475, 480 (Mo.App.1969).  The mere fact defendants' counsel may have been engaged elsewhere did not, in and of itself, compel continuation. *Clinton v. Clinton,* 444 S.W.2d 677 (Mo.App.1969).

Therefore, absent a proper motion for a continuation, the trial court's failure to rule on such a request is not an irregularity appearing of record sufficient to set aside the default judgment.  Furthermore, no abuse of the trial court's discretion in refusing to grant the informal request has been shown.

Judgment affirmed.

DOWD, C.J., and REINHARD and PUDLOWSKI, JJ., concur.