**Darren S. MILLS, Respondent,**

v.

**Yvette R. MILLS, Appellant.**

**No. WD 52088.**

Missouri Court of Appeals,
Western District.

March 4, 1997.

Laura J. Duchardt, Susan E. Long, Kansas City, for appellant.

Michael Wesley Hanna, Raytown, for respondent.

Before ULRICH, C.J., P.J. and HANNA and SMART, JJ.

## STATEMENT OF FACTS

ULRICH, Judge.

Darren Mills and Yvette Mills were husband and wife. Darren Mills (Husband) filed a Petition for Dissolution of Marriage in October 1994. Yvette Mills (Wife) answered and cross-claimed. In September 1995, the court granted Wife's attorney permission to withdraw. The trial court informed Wife and instructed her that if she intended to employ other counsel to do so immediately. On October 20, 1995, Husband set the case for a November 7, 1995, trial and noticed Wife on October 24, 1995. Husband appeared on the day of trial, but Wife did not, apparently sending her parents to notify the court of her absence. The court postponed the trial until the next day, when Wife appeared pro se. She requested a continuance, stating that she had retained an attorney to represent her but only if the court postponed the trial. She also then stated that she had "been abused by his family ... and was beat up in

front of my children Sunday." The court denied her request. Wife asserts four points on appeal. She claims the trial court erred in (1) not appointing a guardian ad litem to represent the minor children; (2) denying her request for a continuance the day trial was to commence; (3) awarding child custody, asserting that the court's award was against the weight of the evidence and not in the children's best interest; and (4) awarding the amount of child support.

The judgment of the trial court is affirmed.

## I. ALLEGATIONS OF CHILD ABUSE MUST BE IN THE PLEADINGS UNDER SECTION 452.423, RSMO 1994, TO COMPEL APPOINTMENT OF A GUARDIAN AD LITEM

■ Wife asserts the trial court erred in not appointing a guardian ad litem to represent the minor children. She argues that because she told the trial court immediately before trial, while on the record, that Husband's family had abused her in the presence of the children that the court was obligated to appoint a guardian ad litem. Section 452.423.1, RSMo 1994, provides that:

> In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

■ Although the trial court may appoint a guardian ad litem as an exercise of the court's discretion under section 452.423, RSMo 1994, only express allegations of child abuse in the pleadings trigger compulsory appointment of a guardian ad litem under the statute. *Rombach v. Rombach,* 867 S.W.2d 500, 503 (Mo. banc 1993); *Ledbetter v. Sampson,* 924 S.W.2d 617 (Mo.App. S.D.1996); *Chapman v. Chapman,* 871 S.W.2d 123, 125 (Mo.App.1994). The purpose of pleadings is to present, define, and isolate the controverted issues to advise the trial court and the parties of the issue to be tried. *Johnson v.*

*Flex–O–Lite Mfg. Corporation,* 314 S.W.2d 75, 79 (Mo.1958). As such, the "pleadings limit and define the issues of the case." *Luethans v. Washington Univ.,* 894 S.W.2d 169, 172 (Mo. banc 1995). The pleadings show that neither party alleged abuse or neglect and, therefore, the trial court did not err in not appointing a guardian ad litem. Wife's first point is denied.

## II. DENIAL OF CONTINUANCE ON DAY OF THE TRIAL WAS PROPER EXERCISE OF DISCRETION

In her second point on appeal, Wife contends that the trial court abused its discretion in denying her request for a continuance. She argues that she was prejudiced by the denial in that she did not have an opportunity to obtain counsel to assist her in presenting her case.

■ As a general principle, the grant or denial of a continuance is largely within the discretion of the trial court. *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202, 207 (Mo. banc 1991). The exercise of the trial court's discretion should be directed toward the accomplishment of fundamental fairness and the avoidance of unfair advantage. *Blake v. Irwin,* 913 S.W.2d 923, 936 (Mo.App. W.D. 1996). The decision of the trial court will not be reversed unless the trial court abused its discretion. *Rebound, Inc. v. Pugh,* 912 S.W.2d 660, 663 (Mo.App. W.D.1995).

■ Wife admittedly did not comply with Rule 65.03 that requires an application for continuance be made by written motion accompanied by an affidavit giving the basis for the request.[1] Although Wife was not represented by an attorney, a pro se litigant is held to the same standard as a licensed attorney. *Hill v. St. John's Regional Health Ctr.,* 911 S.W.2d 305, 306 (Mo.App. S.D.1995). Without compliance with the requirements of the rule, no abuse of discretion can result in denying a continuance. *In the Interest of C.L.L.,* 776 S.W.2d 476, 477[1] (Mo.App.1989).

---

1. "An application for a continuance shall be made by written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based ..." Missouri Rules of Civil Procedure, Rule 65.03.

Although the noncompliance with Rule 65.03 is sufficient by itself to uphold the trial court's denial of a continuance, other factors support the trial court's decision. Wife had nearly six weeks to retain an attorney from the date of her former attorney's withdrawal to day of trial. Wife was sent a letter dated September 28, 1995, where the court advised her the case was proceeding to trial and that if she intended to retain other counsel to do so promptly. The trial had been continued from November 7 to November 8, 1996, because Wife did not appear at the initial trial.

The trial court did not abuse its discretion in denying Wife's oral motion for continuance. Point II is denied.

## III. SUBSTANTIAL AND COMPETENT EVIDENCE SUPPORTS THE AWARD OF CUSTODY

Wife also alleges that the trial court's award of custody of the minor children was against the weight of the evidence and not in the best interests of the children.

The trial court is presumed to have considered all the evidence and to have awarded custody in the best interest of the child. *Hankins v. Hankins*, 920 S.W.2d 182, 187 (Mo.App.1996). Greater deference is accorded to the determination of a trial court on custody matters than in other cases. *Id.* Where the trial court makes no findings of fact on child custody questions, the reviewing court considers all fact issues on appeal as having been found according to the result reached. Rule 73.01(a)(2, 3); *Price v. Price*, 921 S.W.2d 668, 675 (Mo.App. W.D.1996). The trial court is also presumed to have believed the testimony and evidence consistent with its decree. *Amyx v. Collins*, 914 S.W.2d 370, 374 (Mo.App.1996).

The record and Wife's specific contentions are reviewed within the scope of review mandated by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment awarding custody of the children to Husband is supported by substantial evidence and is not against the weight of the evidence.

Summary of the facts shows Wife:

- exercised little visitation with the children from November 1994 through May of 1995;
- transported the children in her vehicle after her license was suspended for driving under the influence of alcohol (DUI);
- manifested an alcohol drinking problem that resulted in the children being improperly supervised on numerous occasions;
- falsely denied the paternity of the natural father and threatened to secrete the children;
- was hospitalized for a suicide attempt by overdosing on sleeping pills and alcohol;
- failed to make any child support payments while the children were in the custody of Husband during the separation.

The trial court's award of custody of the minor children to Husband was supported by substantial evidence and was not against the weight of the evidence. *Id.*

## IV. TRIAL COURT PROPERLY COMPUTED CHILD SUPPORT

In Wife's final point of appeal, she contends that the trial court did not follow "Form 14" as mandated by Rule 88.01 in computing child support. Although she raises this issue on appeal, the record on appeal includes no completed Form 14. Wife failed to submit to the trial court a proposed completed Form 14 for consideration. One who wishes to complain about a child support calculation must have submitted a Form 14 to the trial court. *Yun v. Yun*, 908 S.W.2d 787, 791 (Mo.App.1995). Wife has waived appellate review of this point, and Point IV is denied.

The judgment of the trial court is affirmed.

All concur.