

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| KENNETH P. ASTON, JR. AND LORI A. ASTON, AS TRUSTEES FOR THE KALA TRUST, | ) ) ) ) | No. ED111562 |
| Respondent, | ) ) | Appeal from the Circuit Court of St. Louis County |
| v. | ) ) | Cause No. 19SL-CC00332 |
| DBK TRUST, LLC, | ) ) | Honorable Ellen H. Ribaudo |
| Appellant. | ) ) | Filed: November 28, 2023 |

**Introduction**

Appellant DBK Trust, LLC ("DBK") appeals the judgment entered in favor of

Respondents Kenneth Aston and Lori Aston ("Astons"), in their capacities as Trustees for the

KALA Trust, on the Astons' petition to quiet title and for injunction. DBK alleges that the trial

court erred by finding that Missouri Supreme Court Rule 4-3.7[1] prohibited W.B., the sole

member of DBK, from representing DBK; by denying DBK's motion to continue the trial; and

by granting DBK's attorney's motion to withdraw as counsel. We affirm the judgment of the trial

court.

---

[1] All Rule references are to the Missouri Supreme Court Rule (2022), unless otherwise indicated.

**Factual and Procedural Background**

On January 24, 2013, Kenneth P. Aston, Jr. and Lori A. Aston, as trustees for the KALA Trust, acquired property located at 747 Middle Polo Drive, Clayton, Missouri 63105.[2] On March 11, 2014, DBK acquired the abutting property immediately to the east of the Astons' property. W.B. is the sole member and manager of DBK and lives at the property owned by DBK.

The Astons' predecessors in interest installed a wrought iron fence with stone pillars and a separate stone wall on their property, although portions of each crossed over the property line into DBK's property. The Astons and their predecessors in interest maintained and used the area between the easternmost portion of their deeded property and the wrought iron fence and separate stone wall as their own until 2018, when W.B. threatened the Astons' landscapers as they worked near or on the disputed property. After the Astons requested that W.B. not decorate the fence, W.B. threatened to use force against them. The Astons reported the threat to the police and, on January 23, 2019, filed the underlying petition to quiet title and for injunction against DBK, with one count for adverse possession and one count for prescriptive easement.

During the course of the litigation, the Astons served written discovery requests, including interrogatories, on DBK. In response to the interrogatories, DBK identified W.B. as a party with knowledge of "any Parties' use or maintenance of the Disputed Area described in Petitioner's Petition." Additionally, W.B. signed the response to the interrogatories in his own name, acting for DBK, and answered in the first person (*e.g.*, "I don't recall any discussions with anyone regarding the survey produced."). DBK likewise designated W.B. as its sole representative in response to the Astons' Notices of Deposition.

---

[2] The address of this property was changed from 528 West Polo Drive to 747 Middle Polo Drive within two years of W.B. moving in.

On July 8, 2020, the trial court entered an order requiring the parties to maintain the status quo of the disputed area during the pendency of the litigation. After a February 19, 2021 hearing on the Astons' motion for contempt, the trial court found that DBK willfully violated the court's July 8 Order by installing improvements on the disputed area and further ordered both the removal of such improvements and the payment of the Astons' attorney's fees. DBK then further failed to comply with the trial court's order, resulting in Orders to Show Cause being issued and the setting of another contempt hearing. Prior to the contempt hearing, DBK filed a motion for change of judge, which was granted.

On May 2, 2022, with a new judge assigned to the matter, the matter was set for a pretrial conference and for a bench trial. On May 3, 2022, DBK's attorney, Attorney J.W., notified W.B., on behalf of DBK, via email of the pretrial conference and the bench trial using the same email address that he had been using to contact W.B. on behalf of DBK. At no point had there been any indication that this email address was not proper.

On August 30, 2022, Attorney J.W. notified W.B. via email of Attorney J.W.'s intent to withdraw as counsel for DBK due to non-payment and advised W.B. to seek other counsel for DBK.

On October 18, 2022, Attorney J.W. emailed W.B., informing him that he had filed a motion to withdraw, and that a hearing would be held on the matter on December 8, 2022. Attorney J.W. attached a copy of the motion and the notice of hearing to the email. W.B. did not respond to any of Attorney J.W.'s emails.

On December 8, 2022, the trial court granted Attorney J.W.'s motion to withdraw. Neither W.B. nor any other representative for DBK appeared at the motion hearing. The trial court mailed a copy of the order granting Attorney J.W.'s motion to withdraw to DBK. The trial court also

3

included notice of the upcoming pretrial conference set for December 19, 2022 and of the trial set for January 4, 2023. Neither W.B. nor any other representative for DBK appeared for the pretrial conference.

On the morning of January 4, 2023, W.B. appeared on behalf of DBK and advised the trial court that he was entering his limited appearance on behalf of DBK for the limited purpose of requesting a continuance to retain counsel. W.B. argued that he was entitled to a continuance because the Rules of Professional Conduct prohibits a lawyer from acting as an advocate at a trial in which they are likely to be a necessary witness. The trial court denied both W.B.'s motion for a continuance and his subsequent motion to enter his appearance on behalf of DBK, to which the Astons had objected. Following the trial, the trial court entered judgment in favor of the Astons.

On February 1, 2023, DBK's new counsel filed a motion for new trial, which was denied by the trial court on March 16, 2023, following an evidentiary hearing. DBK appeals.

**Standard of Review**

Our review of the claims discussed herein is governed by an abuse of discretion standard. *See Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 133 (Mo. App. E.D. 2009) ("The disqualification of an attorney is a matter that lies within the sound discretion of the trial court."); *Nance v. Nance*, 880 S.W.2d 341, 344 (Mo. App. E.D. 1994) ("The trial court has broad discretion in deciding whether to grant a motion for continuance, and will not be reversed unless the decision is a capricious exercise of that discretion."); *Bowman v. Prinster*, 384 S.W.3d 365, 370 (Mo. App. E.D. 2012) ("Whether to allow trial counsel to withdraw is within the sound discretion of the trial court, and we review the trial court's action for abuse of discretion."). A trial court abuses its discretion when the ruling is clearly against the logic of the circumstances

and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration. *State v. Teter*, 665 S.W.3d 306, 318 (Mo. banc 2023).

**Point I: Rule 4-3.7 Prohibits W.B. from Representing DBK Trust**

In its first point on appeal, DBK argues that the trial court abused its discretion in holding that Rule 4-3.7 foreclosed W.B. from entering as attorney for DBK. Specifically, DBK alleges Rule 4-3.7 did not prohibit W.B. from representing DBK at trial because (1) W.B. was not likely to be a necessary witness; (2) there was little to no likelihood that the trial court would be confused or misled if either party called W.B. to testify; (3) there was no record made that the Astons would be prejudiced if either party were to call W.B.; and (4) the disqualification of W.B. caused substantial hardship to DBK.

Rule 4-3.7 prohibits a lawyer from acting as an advocate in a trial in which the lawyer is likely to be a witness. *Senu-Oke v. Mod. Moving Sys.*, 978 S.W.2d 426, 433 (Mo. App. E.D. 1998). The rule provides in pertinent part,

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Rule 4-3.7. As such, application of Rule 4-3.7 requires the trial court to determine several factors, including "the likelihood that a lawyer will, in fact, be a necessary witness, whether his or her testimony will relate to an uncontested issue, and whether the disqualification will work substantial hardship on his or her client." *State ex rel. Wallace v. Munton*, 989 S.W.2d 641, 646 (Mo. App. S.D. 1999). The trial court's discretion to enforce Rule 4-3.7 "must be exercised judiciously based on the facts and circumstances of each individual case." *Id.* at 645.

5

The typical posture for Rule 4-3.7 is a motion to disqualify an attorney of record when it later becomes clear that the attorney will be a necessary witness. In such a scenario, the burden to plead particular facts demonstrating that the attorney will be a necessary witness is on the party seeking the disqualification. *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 133 (Mo. App. E.D. 2009). Here, however, the Rule 4-3.7 movant is instead seeking to be admitted to the case as an attorney, in reverse of the typical posture. We cannot say that the reversed posture of this Rule 4-3.7 motion absolves the movant of their duty to plead particular facts—here, to demonstrate that W.B. was not a necessary witness. Thus, in light of the movant's failure to carry his burden of pleading particularized facts demonstrating that he is not a necessary witness, the trial court did not abuse its discretion in denying W.B.'s motion.

Regardless of whether W.B. had carried his burden of pleading, the trial court acted within its discretion in deciding that W.B. was a necessary witness to the case. An attorney is a necessary witness for purposes of Rule 4-3.7 when that attorney is the only one available to testify about a certain matter. *See Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (compiling courts of appeals decisions finding the same). Here, W.B. was the sole owner, member, and manager of DBK. Likewise, W.B. signed the answers to the interrogatories directed to DBK on behalf of DBK and answered the interrogatories based upon his personal knowledge. Further, in response to the Astons' interrogatories requesting DBK to identify every person with knowledge evidencing the use and maintenance of the disputed area, DBK—acting through W.B.—listed W.B., W.B.'s late wife, their son, their landscaping team, and unnamed previous owners or renters of the property. Thus, as the sole owner, member, and manager of the trust owning the disputed property, as well as the sole resident of the property in

6

dispute, W.B. was the only party available to testify about facts essential to each count of the quiet title and injunction petition, and he was thus a necessary witness.

Furthermore, none of the exceptions in Rule 4-3.7(a)(1)-(3) that would nevertheless allow a necessary witness to act as an attorney apply here. Subsection (1) is inapplicable here because the parties were expected to testify about facts relating to their competing claims to the disputed area between their properties. Subsection (2) is inapplicable because the suit for the underlying action did not relate to the nature and value of legal services rendered in the case. Subsection (3) of Rule 4-3.7 permits a witness-attorney to continue as counsel of record, even when that attorney is a necessary witness, if "disqualification of the lawyer would work substantial hardship on the client." Rule 4-3.7(a)(3). Comment [4] of Rule 4-3.7 suggests that, when determining whether "substantial hardship" warrants an exception to the rule, courts should apply a balancing test, weighing the interests of the client and those of the tribunal and the opposing party. Rule 4-3.7(a)(3) cmt. [4]. Comment [4] likewise suggests that the reasonable foreseeability, in the eyes of either party, of a lawyer needing to testify as a witness has a bearing on the balancing test.

In the case at bar, it was reasonably foreseeable from DBK's perspective that DBK would be without an attorney of record at the start of the trial, and it was entirely unforeseeable from the perspective of the Astons that W.B. would move to be admitted as an attorney for DBK despite Rule 4-3.7.[3] Any hardship worked on DBK was a result DBK's own shortcomings in retaining counsel and preparing for trial, thus the trial court did not abuse its discretion in

---

[3] The Astons could not have known that W.B. would attempt to represent DBK at trial because W.B. had represented to them in his January 11, 2022 deposition that he no longer had an active bar license. However, W.B.'s bar license was reinstated two days later, pursuant to a petition for reinstatement that he had filed on December 16, 2021. W.B. did not later supplement his responses.

holding that the exception in Rule 4-3.7(a)(3) does not apply to W.B.'s motion to be admitted as attorney of record for DBK on the morning of the trial.

Therefore, because W.B. was likely to be a necessary witness and because the disqualification of W.B. did not work substantial hardship on DBK beyond that of DBK's own creation, the trial court did not abuse its discretion in refusing to allow W.B. to enter as attorney for DBK. Point I is denied.

### Point II: Denial of DBK Request for Continuance

In Point II, DBK argues that the trial court abused its discretion in denying W.B.'s motion for a continuance. However, DBK fails to substantiate *how* the trial court abused its discretion. Compliance with the Rule 84.04 briefing requirements is mandatory to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Null v. New Haven Care Ctr., Inc.*, 425 S.W.3d 172, 177 (Mo. App. E.D. 2014). Insufficiently briefed points relied on preserve nothing for review and constitute grounds for dismissal. *Id.* (citing *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009)). However, "[w]hile not condoning noncompliance with the rules, a court will generally, as a matter of discretion, review on the merits where disposition is not hampered by the rule violations." *Jackson v. Barton*, 548 S.W.3d 263, 267 n.3 (Mo. banc 2018) (citing *Thummel v. King*, 570 S.W.2d 679, 690 (Mo. banc 1978)).

In spite of the briefing deficiencies, reaching the merits of DBK's Point II, the trial court did not abuse its discretion in denying W.B.'s motion for a continuance because DBK did not comply with the required procedure for such a motion. Rule 65.03 mandates that an application for a continuance "shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is

8

based, unless the adverse party consents that the application for continuance may be made orally." Rule 65.03. DBK submitted a written motion for a continuance without the affidavit required by Rule 65.03. "When a moving party ignores the affidavit or verification requirements of Rule 65.03, no abuse can result in denying the continuance." *In re Marriage of House*, 292 S.W.3d 478, 483 (Mo. App. S.D. 2009). Point II is denied.

**Point III: Withdrawal of Attorney J.W.**

In Point III, DBK argues that the trial court abused its discretion in granting Attorney J.W.'s motion to withdraw because the motion violated procedures mandated by local rules. Specifically, DBK alleges that Attorney J.W.'s motion to withdraw did not comply with St. Louis County Local Rule 21.4, in that the motion (1) did not identify any grounds for withdrawal; (2) did not include the client's last known address; (3) did not indicate that it was served personally, by first class mail, or by a third-party carrier to the client's last known address; (4) and failed to include notice to the client of any trial dates. DBK asserts that the alleged procedural shortcomings were prejudicial because DBK was surprised by its attorney's withdrawal.

St. Louis County Local Rule 21.4(2), which governs attorney withdrawals with leave of the court, provides, in pertinent part:

(a) **Matter Not Completed.** An attorney may withdraw from a case after filing a motion to withdraw showing compliance with Rule 4-1.16 and with Section 3 of this Rule. Withdrawal is not complete until such time as the court has granted leave to withdraw.

Section 3 of the rule provides:

(3) **Notice**
   In addition to service on all others required to be served, notices to clients of withdrawal memoranda, motions to withdraw, and notices of termination of limited appearance shall include the client's last known address and shall be served on the client personally, or by first class mail, or by a third-party carrier at the party's last known address. When leave of court is required, the motion to withdraw or the notice of

9

termination shall include notice to the client of the date of any trial setting and/or the next court date, if any.

St. Louis County Local Rule 21.4 (effective May 15, 2019).

As relevant here, Missouri Supreme Court Rule 4-1.16(c) provides that: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation…"

Missouri courts have been reluctant to reverse a trial court's order granting an attorney permission to withdraw for failure to strictly comply with the technical requirements of local court rules when the deficiencies do not prejudice the party. *See Bolander v. City of Green City*, 35 S.W.3d 432, 437 (Mo. App. W.D. 2000). In *Bolander*, copies of the appellant's attorney's motion to withdraw and notice of hearing were sent to the appellant; however, the certificates of service did not contain the appellant-client's last known address. *Id.* The Western District dismissed the point on appeal, concluding that, while the appellant's attorney had failed to adhere to the technical requirements of the local attorney withdrawal rule, the appellant had failed to show resultant prejudice. *Id.* In so ruling, the Western District explained that "[t]he only apparent purpose of Rule 21.4's requirement that an address be set forth in the certificate of service is so the court has a correct address at which to contact the soon-to-be unrepresented party." *Id.* In contrast, the Eastern District in *In re P.D.*, 144 S.W.3d 907 (Mo. App. E.D. 2004) reversed a trial court's granting of an attorney's motion to withdraw where that motion complied with neither Supreme Court Rule 4 nor the relevant local rule because the appellant-client therein received no actual notice of her attorney's intent to withdraw, thus resulting in prejudice. *Id.* at 913.

DBK has failed to show how it was prejudiced by the deficiencies in the motion since DBK had sufficient actual notice of both the motion to withdraw and the trial court's order

granting the motion. On August 30, 2022, Attorney J.W. sent an email to inform W.B. of his intent to withdraw from the case. On October 18, 2022, Attorney J.W. sent an email to inform W.B. that he filed the motion to withdraw and of the date of the hearing on the motion. Following the December 8, 2022 hearing, the trial court mailed its order granting the motion to withdraw, along with notices of the pretrial conference and trial date, to the address on file for DBK. Indeed, DBK was kept well apprised of the various motions and hearings on the matter and has not proven or even claimed that such notices failed to reach DBK. In fact, DBK admits that Attorney J.W.'s informal communications were "comprehensive," and only claims that it was surprised by the withdrawal, not that it was unexpected.

Thus, DBK's claim of resultant prejudice is unsubstantiated. Accordingly, we decline to reverse the trial court for a technical violation of the court's local rules without a showing of prejudice. Point III is denied.

## Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed.

Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

11